UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK A. PETERSON,
Plaintiff

vs.                                          C.A. NO. _____

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY - LINCOLN LABORATORY,
and
RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES' UNION,
Defendants

04-40148

COMPLAINT AND REQUEST FOR JURY TRIAL

INTRODUCTION

Plaintiff, Mark A. Peterson (hereinafter "Peterson"), alleges that on or about October 7, 2003, as an employee of Defendant, Massachusetts Institute of Technology - Lincoln Laboratory (hereinafter "MIT Lincoln Lab"), he was harassed and treated differently from other employees concerning his position as an instrument maker. Plaintiff alleges that this harassment and disparate treatment was illegal, in that the Defendant violated provisions of state and federal laws preventing discrimination in employment based on religion: specifically and respectively, Massachusetts General Laws Chapter 151B and Federal Law (42 U.S.C. 2000, et seq.) Peterson alleges that the Defendant, Research Development and Technical Employees' Union (hereinafter "Union") participated in the harassment and did not perform its duty of fair representation.

JURISDICTION

Federal jurisdiction is conferred as Plaintiff has raised claims under Federal Law, 42 USC 2000 et seq. (Title VII of the Civil Rights Act of 1964).

David O. Scott,
Attorney at Law
200 Chauncy Street
Seld, Massachusetts 02018
(508) 261-7090

## PARTIES

1. The Plaintiff, Mark A. Peterson, is a natural person who resides at 23 Mechanic Street, Milford, Worcester County, Massachusetts 01757.

2. The Defendant, MIT Lincoln Lab (a division of Massachusetts Institute of Technology located at 77 Massachusetts Avenue, Cambridge, Middlesex County, Massachusetts 02139-4307), on information and belief, is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of operation at 244 Wood Street, Lexington, Middlesex County, Massachusetts 02420.

3. The Defendant, Research Development and Technical Employees Union (hereinafter "the Union") is a labor union organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 800 Massachusetts Avenue, Arlington, Middlesex County, Massachusetts 02476.

## FACTS

4. Peterson first became employed by Defendant, MIT Lincoln Lab, on July 20, 1982 as an Machinist, where he operated a variety of standard and numerically controlled equipment, i.e., lathes, drills and milling machines, performing his duties to management's satisfaction. He was a member of Defendant Union at all relevant times.

5. For the past fifteen years, employees and/or supervisors at MIT Lincoln Lab have harassed Peterson because of his religious beliefs (Christian), including assaulting him with a chemical, vandalizing and stealing his property, tampering with the machines he was working on and making verbal threats against him.

David O. Scott,
Attorney at Law
200 Chauncy Street
.field, Massachusetts 020-48
(508) 261-7090

6. In approximately 1987, Peterson began meeting with another Christian from another shop, on their own time, to read their Bibles and discuss different topics of the Bible. Peterson was told not to bring his Bible to have religious discussions. Peterson complained to Personnel about these restrictions, without resolution.

7. Prior to 1988, no radios were allowed in the work area; however, new and younger employees were hired who brought in "boom boxes" to the machine shop. Peterson complained to Donald Paquet, Assistant Group Leader, about the loud radios and harassment.

8. At one point, another employee named John Moran placed a radio approximately two feet in front of Peterson and blasted "Symphony for the Devil", a song by a group called "The Rolling Stones".

9. Peterson complained to his supervisor, Frank Bingham (hereinafter "Bingham"), who then went into his own office and turned up his radio. Bingham then made remarks to other co-workers in Peterson's presence about Peterson turning the workplace into a church. He also stated that he was going to have to get Peterson outside on his own time. Peterson reported this to Don Paquet, the group leader.

10. On another occasion, Bingham was openly taunting Peterson by telling jokes about God to everyone, which were insulting to Peterson. This provoked a unanimous response of laughter and joking from everyone. Peterson again reported this to Don Paquet.

11. Around this same period of time, Don Paquet moved Peterson's work bench to another area. Unfortunately, the

problems continued. On one occasion, upon return to his work bench from a short break, someone had thrown a tomato where Peterson had to stand. On another occasion, a noose was left on Peterson's workbench.

12. After Peterson's return from vacation, Bingham was walking by Peterson wearing what appeared to be a clergyman's collar. Someone had placed a similar item on the floor right next to Peterson's work bench and were laughing when he came in.

13. There were threats posted on the bulletin board suggesting Peterson should be put to death (i.e., a fake gift certificate to Jack Kevorkian). On one occasion, at the end of the work day, Peterson found his car radio antenna had been bent in half.

14. During the early 1990s, several of Peterson's co-workers admitted to Jack Sullivan of Personnel that they had harassed Peterson and were given verbal warnings.

15. During that same period, Michael Bork (hereinafter "Bork") was a co-worker of Peterson, who witnessed the shop steward, Robert Lee (hereinafter "Lee") and a co-worker threaten to "beat up" Bork. Bork complained to the Union's Executive Board and Peterson acted as a witness. At an Executive Board meeting, Lee stated that Peterson was hated because he was a Christian. The Executive Board "dressed down" Bork's concerns.

16. In 1994, Peterson complained to the acting supervisor, David Mandeville (hereinafter "Mandeville"), that he had not received any overtime since 1986, the same timeframe that he complained about the radios.

17. In approximately June 1994, Peterson was verbally threatened by an employee for trying to obtain use of a machine in which the co-worker was doing his own personal work.

18. In approximately July 1994, about four or five co-workers who were working in Peterson's area, began making fun of Christianity and referring to Christians as "those people" and further stating they wished that "someone would run over all those people". Peterson reported this to Patrick Doherty (hereinafter "Doherty"), a supervisor.

19. In approximately 1995, Charles Gendreau (hereinafter "Gendreau"), a supervisor, began referring to Peterson as "Jesus", "God" and "Moses".

20. During January and February of 1995, management and the Union were allowing selected workers to work overtime without using a posted list. Peterson complained to personnel about this unacceptable situation. Afterwards, Peterson received some overtime, but not a fair amount.

21. From approximately 2001 to 2003, other acts of harassment and/or disparate treatment occurred, including: employees spitting in coffee thought to be Peterson's; religious literature taken out of context and placed on the bulletin board; trash left at or near Peterson's work station; and altering of controls at Peterson's machine, among others.

22. In April 2003, Peterson was working on an Okuma machine. A co-worker, Eric Salvo (hereinafter "Salvo") opened the window blinds, preventing Peterson from being able to see his computer. Peterson complained to Gendreau, who told the shop helper to close the blinds.

23. When Peterson returned to his machine, there was a table blocking the entrance to his machine. When Peterson complained, Gendreau then moved the table and placed a 6' high welding screen between the machines of Peterson and Salvo, which were back to back.

24. While operating his machine, Peterson felt a spray liquid hit his head. When he looked, he saw Salvo holding a can of Aerokroil, a caustic substance. Peterson reported this to his supervisor. He also informed James Haskell (hereinafter "Haskell"), a member of the Executive Board of the Union, who advised Peterson to file a complaint. Peterson reported this to Angelo Rodriguez of Personnel, who told Peterson, "we'll investigate".

25. In approximately April, 2003, Gendreau began following Peterson around with a clipboard. Peterson reported this to the shop steward; however, this harassment continued for several months.

26. In October 2003, Gendreau instructed Peterson to perform a job on a machine he had never worked on. He further instructed him to learn how to operate/program this machine from a co-worker named Chin, who spoke almost no English. For three days, Peterson was trying to learn how to operate this machine but, due to the language barrier, was unable to grasp the concept quickly. After six days, Peterson was able to commence the work on this machine. The acting supervisor, Joe Orender (hereinafter "Orender"), asked Peterson how long it would take to finish the work and Peterson replied, "one week". Later that same day, Orender came over to Peterson with his boss, Mandeville and instructed Peterson to stop reading his book, which was a

practice by all co-workers when work was running on a machine. Mandeville told Peterson to stare at his machine rather than read. Peterson complained to Roger Shields (hereinafter "Shields"), an Executive Board member of the Union.

27. A week later, Peterson requested a grievance be filed by the Union and a grievance meeting was arranged by Haskell, who was head of the Grievance Committee, with Peterson, Angelo Rodriquez (Personnel), Haskell and Gendreau present.

28. Peterson was told by Haskell that this meeting was a Step 2 Grievance meeting.

29. After one to two weeks, Peterson asked Robert Patterson (hereinafter "Patterson"), the steward, about his grievance. A second meeting was held with Peterson, Haskell, Rodriguez and Patterson. Neither the Union nor management took any further action concerning Peterson's complaint. Peterson filed administrative claims with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). Peterson has withdrawn his claim from the MCAD and received a right to sue letter from the EEOC.

COUNT I
VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION LAWS
(MASSACHUSETTS GENERAL LAWS CHAPTER 151B)

30. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 29 and restates and incorporates them by reference herein.

31. MIT Lincoln Lab and the Union, by their actions, through their employees, supervisors and/or agents, by use of

David O. Scott,
Attorney at Law
200 Chauncy Street
Seld, Massachusetts 02043
(508) 261-7090

threats, degradation, intimidation and harassment, have violated the Massachusetts Anti-Discrimination Laws under Massachusetts General Laws Chapter 151B.

32. As a result of MIT Lincoln Lab and the Union's actions, Peterson was wrongfully harassed and disparately treated and incurred damages for lost wages and benefits, loss of professional standing and reputation, and severe emotional distress.

## COUNT II
### VIOLATION OF FEDERAL LAW (42 USC 2000 et seq.)

33. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 32 and restates and incorporates them by reference herein.

34. MIT Lincoln Lab and the Union, by their actions, through their employees, supervisors and/or agents, by use of threats, degradation, harassment, intimidation and misrepresentation, violated the Federal Anti-Discrimination Laws.

35. As a result of MIT Lincoln Lab and the Union's actions or lack thereof, Peterson was wrongfully terminated and incurred damages for lost wages and benefits, loss of professional standing and reputation, and severe emotional distress.

## COUNT III
### VIOLATION OF UNION'S DUTY OF FAIR REPRESENTATION

36. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 35 and restates and incorporates them by reference herein.

37. The Defendant Union has violated its duty of fair representation of Plaintiff because its managers and/or

David O. Scott,
Attorney at Law
200 Chauncy Street
ield, Massachusetts 02048
(508) 261-7090

members participated in the harassment and disparate treatment of Plaintiff and it failed to pursue grievances on Plaintiff's behalf.

38. As a result of MIT Lincoln Lab and the Union's actions or lack thereof, Peterson was harassed and treated disparately and incurred damages for lost wages and benefits, loss of professional standing and reputation, and severe emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mark A. Peterson, demands judgment against Defendants, MIT Lincoln Lab and the Union, on each and/or all counts, in an appropriate amount, together with appropriate and reasonable attorney's fees, costs and interest.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable under law.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

_____
DAVID O. SCOTT, ESQUIRE
LAW OFFICE OF DAVID O. SCOTT, P.C.
B.B.O. NO. 449165
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-7090

DATED August 3, 2004

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Peterson, Mark A.

### DEFENDANTS
Massachusetts Institute of Technology - Lincoln Lab and Research Development and Technical Employees' Union

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David O. Scott, Esquire
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

ATTORNEYS (IF KNOWN)
04-40148

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
|  |  |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus | ☐ 740 Railway Labor Act |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** |  |
| ☐ 240 Torts to Land |  | ☒ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Plaintiff alleges that, as an employee of Defendant and a member of Defendant Union, he suffered discrimination in employment in violation of Federal (42 USC 2000) AND State Law.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: August 3, 2004

SIGNATURE OF ATTORNEY OF RECORD
David O. Scott

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 AUG -3 P 3: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Mark A. Peterson v. Massachusetts Institute of Technology - Lincoln Lab__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).
   - ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, (790), 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   - ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - ___ V.   150, 152, 153.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

04-40148

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)
   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. PARTY?
   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?
   YES ☐   NO ☒

7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒
   
   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GPVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☒   WESTERN DIVISION ☐
   
   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☒   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT).
ATTORNEY'S NAME __David O. Scott, Law Office of David O. Scott, P.C.__
ADDRESS __200 Chauncy Street, Mansfield, MA 02048__
TELEPHONE NO. __(508) 261-7090__

(Categfrm.rev - 11/00)