UNITED STATES DISTRICT COURT OF MASSACHUSETTS
CENTRAL SECTION

MARK PETERSON

                    Plaintiff,

vs.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY - LINCOLN
LABORATORY,
and
RESEARCH DEVELOPMENT AND
TECHNICAL EMPLOYEE'S UNION,

                    Defendants.

Docket No.  04-40148

## ANSWER TO COMPLAINT

NOW COMES Defendant Massachusetts Institute of Technology - Lincoln
Laboratory ( hereinafter "MIT"), and by and through its counsel, Sullivan Weinstein &
McQuay, PC, files this answer to the above-styled Complaint (hereinafter "the
Complaint").

### Jurisdiction

This unnumbered paragraph calls for a legal conclusion and no answer is
required.

### Parties

1.    The allegations contained in paragraph 1 are admitted, on information and
belief.

2.    MIT admits only to the addresses attributed to itself and to Lincoln
Laboratory (hereinafter "Lincoln Lab").  MIT denies the remaining allegations contained
in paragraph 2.  Further answering, MIT states that Lincoln Lab is a department of MIT
that is not separately incorporated.

3.    The allegations contained in paragraph 3 are not directed to MIT.  MIT
therefore makes no answer thereto, and leaves the Plaintiff to prove the same.

### Facts

4.    MIT admits that Plaintiff was first employed by MIT on July 20, 1982 as a
Machinist.  MIT is without knowledge or information sufficient to form a belief as to the
truth of the remaining allegations contained in the first sentence of paragraph 4.  On
information and belief, MIT admits the last sentence of paragraph 4.

5.    The allegations contained in paragraph 5 are denied.

6.    MIT lacks knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 6.  To the extent the paragraph alleges that
MIT engaged in or condoned discrimination or harassment, the allegations are denied.
To the extent the paragraph alleges that MIT failed to investigate and/or resolve
complaints of discrimination or harassment, the allegations are denied.

7.    MIT lacks knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 7.  To the extent the paragraph alleges that
MIT engaged in or condoned discrimination or harassment, the allegations are denied.
To the extent the paragraph alleges that Donald Paquet ("Paquet") and /or MIT failed to
investigate and/or resolve complaints of discrimination or harassment, those allegations
are denied.

2

8.    MIT lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 8.  To the extent the paragraph alleges that MIT engaged in or condoned discrimination or harassment, the allegations are denied.

9.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.  To the extent the Complaint alleges that the Plaintiff was discriminated against or harassed by his supervisor, Frank Bingham ("Bingham"), the allegations are denied.  To the extent the paragraph alleges that MIT engaged in or condoned discrimination or harassment, the allegations are denied.  To the extent the Complaint alleges that Paquet or MIT failed to investigate and/or resolve complaints of discrimination or harassment, those allegations are denied.

10.    The first two sentences in paragraph 10 are denied.  Answering further, MIT is without knowledge or information sufficient to form a belief as to whether the Plaintiff reported the alleged incident to Paquet.  To the extent the paragraph alleges that Paquet or MIT failed to investigate and/or resolve complaints of discrimination or harassment, those allegations are denied.

11.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.  To the extent the Complaint alleges that MIT engaged in or condoned discrimination or harassment, those allegations are denied.

12.    The allegations contained in paragraph 12 are denied.  To the extent the paragraph alleges that Bingham or MIT engaged in or condoned discrimination or harassment, those allegations are denied.

3

13.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13. To the extent the Complaint alleges that MIT engaged in or condoned discrimination or harassment, those allegations are denied.

14.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. To the extent the Complaint alleges that MIT engaged in or condoned discrimination or harassment, those allegations are denied. Further answering, MIT states that Jack Sullivan passed away in August 1997.

15.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15. To the extent the allegations contained in paragraph 15 are directed to the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same. To the extent the paragraph alleges that the Plaintiff's religious beliefs played a role in MIT's conduct toward him, those allegations are denied.

16.    The allegations contained in paragraph 16 are denied.

17.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.    MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18. To the extent the paragraph alleges that MIT engaged in or condoned discrimination or harassment, those allegations are denied. To the extent the paragraph alleges that Patrick Doherty ("Doherty") or MIT failed to investigate and/or resolve complaints of discrimination or harassment, those allegations are denied.

19.    The allegations contained in paragraph 19 are denied.

4

20.    To the extent the allegations contained in paragraph 20 are directed to MIT, the allegations are denied. To the extent the allegations contained in paragraph 20 are directed to the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

21.    The allegations contained in paragraph 21 are denied.

22.    MIT admits the first and last sentences of paragraph 22. MIT denies the second sentence of paragraph 22. Further answering, MIT states that it conducted an investigation into the incident, which revealed that any glare occurring as a result of Eric Salvo ("Salvo") opening window blinds was unintentional.

23.    MIT admits only so much of paragraph 23 as alleges that a welding screen was placed between Peterson and Salvo. The remaining allegations contained in paragraph 23 are denied.

24.    MIT admits only so much of paragraph 24 as alleges that the Plaintiff reported an alleged spraying incident to Angelo Rodriguez ("Rodriguez"). Further answering, MIT states that it conducted an investigation, which revealed that Salvo was applying oil to his machinery, that Salvo was unaware that Plaintiff was on the other side of the screen that had been placed between them, and that any spray that came into contact with the Plaintiff was accidental. MIT lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25.    The first sentence of paragraph 25 is denied. MIT lacks information sufficient to form a belief as to whether Peterson complained to the shop steward. To the extent the paragraph alleges that Charles Gendreau ("Gendreau") harassed the Plaintiff, the allegations are denied.

5

26.    MIT admits only so much of paragraph 26 as alleges that the Plaintiff was instructed to stop reading a book while on the job. MIT lacks information sufficient to form a belief as to the truth of whether Peterson complained to Roger Shields ("Shields"). The remaining allegations contained in paragraph 26 are denied.

27.    MIT admits only so much of paragraph 27 as alleges that a meeting was held with Rodriguez, Jim Haskell ("Haskell"), and Peterson. MIT lacks information sufficient to form a belief as to the remaining allegations contained in paragraph 27.

28.    MIT lacks information sufficient to form a belief as to the allegations contained in paragraph 28.

29.    MIT lacks information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 29. MIT admits only so much of the second sentence of paragraph 29 as alleges that a meeting occurred with Peterson, Haskell, Rodriguez and Robert Patterson ("Patterson"). To the extent the allegations contained in the third sentence of paragraph 29 are directed to MIT, the allegations are denied. To the extent the allegations contained in the third sentence are directed to the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same. With respect to the remaining allegations contained in paragraph 29, the record speaks for itself and no answer is required. To the extent facts are alleged, they are denied.

## Count I
### Violation of Massachusetts Anti-Discrimination Laws
### (Massachusetts General Laws Chapter 151B)

30.    MIT repeats its responses to the allegations contained in Paragraphs 1 through 29 of the Complaint and by this reference, incorporates them herein.

31.    Paragraph 31 calls for legal conclusions and no answer is required.  To the extent that paragraph 31 alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.  To the extent the paragraph alleges facts directed against the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

32.    Paragraph 32 calls for legal conclusions and no answer is required.  To the extent the paragraph alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.  To the extent the paragraph alleges facts directed against the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

## Count II
## Violation of Federal Law (42 USC 2000 et seq.)

33.    MIT repeats its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint and by this reference, incorporates them herein.

34.    Paragraph 34 calls for legal conclusions and no answer is required.  To the extent that paragraph 34 alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.  To the extent the paragraph alleges facts directed against the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

35.    Paragraph 35 calls for legal conclusions and no answer is required.  To the extent that paragraph 35 alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.  To the extent the paragraph alleges facts directed against the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

## Count III
## Violation of Union's Duty of Fair Representation

36.    MIT repeats its responses to the allegations contained in Paragraphs 1 through 35 of the Complaint and by this reference, incorporates them herein.

37.    The allegations contained in Paragraph 37 are not directed to MIT.  MIT therefore makes no answer thereto and leaves the Plaintiff to prove the same.  To the extent that paragraph 37 alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.

38.    Paragraph 38 calls for legal conclusions and no answer is required.  To the extent that paragraph 38 alleges facts against MIT, its employees, supervisors and/or agents, the allegations are denied.  To the extent the paragraph alleges facts directed against the Union, MIT makes no answer thereto and leaves the Plaintiff to prove the same.

## Prayer For Relief

The remainder of the Complaint consists of Prayers for Relief which require no answer.  To the extent that facts are alleged against MIT, its employees, supervisors and/or agents, they are denied.

## Affirmative Defenses

1.    With respect to each and every Count of Plaintiff's Complaint, Plaintiff has failed to state a claim for which relief may be granted.

2.    Each and every Count of Plaintiff's Complaint is barred by the applicable limitations periods.

3.    Plaintiff, by his own conduct or inaction, has waived any claims he may have against MIT.

8

4.      Plaintiff, by his own conduct or inaction, is estopped from securing any recovery against MIT.

5.      If Plaintiff suffered any personal injuries, which MIT denies, Plaintiff's claims to relief are barred by the exclusivity provisions of the Massachusetts Workers Compensation Statute, M.G.L. c. 152.

6.      If the Plaintiff suffered any damages, which MIT denies, Plaintiff's claims for relief are barred because such damages are a result of the Plaintiff's own conduct or inaction.

7.      MIT had legitimate nondiscriminatory reasons for any actions as to Plaintiff.

8.      Plaintiff failed to state prima facie case of discrimination or retaliation.

9.      Damages sustained by Plaintiff, if any, were not proximately caused by the actions of MIT.

10.     Pursuant to G.L. c. 231 § 85k, MIT's liability is limited to $20,000.

11.     Plaintiff's claims are barred because MIT used reasonable care to prevent discrimination or harassment.

## Request For Relief

WHEREFORE, Defendant MIT respectfully requests as follows:

1.      That Plaintiff's action against it be dismissed with prejudice;

2.      That MIT recover its costs of suit, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY - LINCOLN
LABORATORY,

By its attorneys,

Jerome N. Weinstein (BBO # 520480)
Sheryl D. Eisenberg (BBO # 641304)
SULLIVAN WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, Massachusetts 02116
(617) 348-4300

Dated:  October  12 , 2004

## CERTIFICATE OF SERVICE

I, Sheryl D. Eisenberg, attorney for Defendant Massachusetts Institute of Technology - Lincoln Laboratory, do hereby certify that a true copy of the foregoing has been duly served upon the attorney of record for each other party by Regular Mail on this  12 th  day of October 2004.

Sheryl D. Eisenberg, Esq.