UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION



C.A. 04-40148

MARK A. PETERSON,
             Plaintiff

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY – LINCOLN LABORATORY
– and –
RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES, UNION,
             Defendants

## DEFENDANT UNION'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

### A. INTRODUCTION

1. Plaintiff is an employee of Defendant Massachusetts Institute of Technology – Lincoln Laboratory ("MIT") and a member of the collective bargaining unit represented by Defendant Research Development and Technical Employees Union ("Union"). His complaint asserts that Defendant Union violated G.L. c.151B and 42 U.S.C. §2000 et. seq., by the participation of its "managers or members" in alleged harassment because of his religious convictions and beliefs. It also asserts that "...Defendant Union has violated its duty of fair representation because...it failed to pursue grievances on Plaintiff's behalf." Para. 37. The pleadings and affidavits establish the absence of any genuine issues as to these material facts: Plaintiff did not file a complaint against Defendant Union with the Massachusetts Commission Against Discrimination and Plaintiff's Complaint was filed more than six (6) months after the alleged breach of the Union's duty of fair representation.

B.  THE MATERIAL FACTS

2. Plaintiff filed only one complaint with the Massachusetts Commission Against Discrimination ("MCAD"): Peterson v. M.I.T. Lincoln Lab, MCAD Docket No. 03BEM02290. Affidavit of Myrna Solod, Clerk MCAD ("Solod Affidavit") para. 2.

3. Plaintiff's MCAD Complaint is appended as Exhibit 1 and identifies as Respondent "MIT LINCOLN LAB". The Complaint does not identify the Union and does not refer to any Union acts or omissions. Plaintiff's handwritten "amendment" dated December 16, 2003 is Exhibit 2 and does not identify the Union or reference Union acts or omissions.

4. Plaintiff's Complaint alleges that "on or about October 7, 2003" he was a victim of unlawful harassment and disparate treatment and that Defendant Union "...did not perform its duty of fair representation".

5. The Complaint also alleges at its paragraphs 26, 27, 28 and 29, his interactions with Union Officers and Employer representatives including meetings in October 2003, after which "[n]either the Union nor management took any further action concerning [his] complaint" Local Rule 56.1 Statement, paras. 5 and 6.

6. Plaintiff's Complaint was filed on August 3, 2004.

C.  ARGUMENT

THE SUMMARY JUDGMENT STANDARD

7. "Summary judgment is appropriate when 'the pleadings,..., ..., ..., together with the affidavits, if any, show that there is no genuine issue as to any material and the moving party is entitled to judgment as a matter of law.'" Barbour v. Dynamics Research corp., 63 F.2d 32, 36 (1st Cir. 1995). The movant must show the absence of any evidence to support the opponent's position. Rogers v. Fair, 902 F.2d 140,

143, (1st Cir. 1990) Plaintiff's Complaint and the Solod Affidavit demonstrate that plaintiff cannot demonstrate any genuine issues of fact. He did not satisfy the predicates for maintaining an action against Defendant Union under G.L. c.151B or 42 U.S.C. §§2000e et. seq. His duty of fair representation claim is time-barred. Summary judgment is appropriate.

### PLAINTIFF'S FAILURE TO FILE AN MCAD COMPLAINT AGAINST THE UNION REQUIRES DISMISSAL

8. Plaintiff's failure to file a complaint against the Union with MCAD asserting Union violation of Chapter 151B, and 42 U.S.C., §2000e, Counts I and II. "Resort to the courts is not available for a complaint of discrimination within the jurisdiction of the MCAD unless the person claiming to have been the object of unlawful discrimination first makes a timely complaint to that agency." Charland v. Muzi Motors, Inc., 417 Mass. 580, 583-84 (1994) (citations omitted). Accord, Butner v. Dept. of State Police, 60 Mass. App. Ct. 461, 467 (2004) ["under G.L. c.151B, §9, the exclusive first remedy for a c.151B violation is a complaint to the MCAD, i.e., a complainant may not bring a civil action...without first complaining to the MCAD"]. This Court applies this rule. Perch v. City of Quincy, 204 F. Supp. 2d 130, 132-33 (D. Mass. 2002), citing Desando v. Lucent Technologies, 193 F. Supp. 2d 358, 362 (D. Mass. 2002). The same exhaustion requirement exists to enable maintenance of an action asserting violations of 42 U.S.C. §2000, et. seq. See 42 U.S.C. §2000e-5(e)(1).

### PLAINTIFF'S DUTY OF FAIR REPRESENTATION IS TIME BARRED

9. The Complaint at its Introduction alleges a breach of the Union's duty of fair representation occurring "...on or after October 7, 2003,..." Other paragraphs allege

plaintiff's interactions with Union officials and employer representatives about his compliant during October 2003 and the Union's failure "to take further action".

10. Plaintiff's Complaint was filed in this Court nine (9) months later on August 3, 2004.

11. The limitations period applicable to an employee's action against a Union for breach of the duty of fair representation is the six (6) months limitations period in the National Labor Relations Act, 29 U.S.C. §160(b).  Del Costello v. Teamsters, 462 U.S. 151, 170-72 (1983).  See Linnehane v. General Electric Co., 948 F. 2d 69, 73 (1st Cir. 1991).

12. The duty of fair representation claim presented in plaintiff complaint on its face is untimely.

## CONCLUSION

13. Summary judgment should enter in the Union's favor on all counts.

RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES UNION

By its attorneys

_____
E. David Wanger, Esq.
BBO# 515640

_____
John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
     WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 10/12/04

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on __10/13/04__

Date: __10/13/04__

_____
John F. McMahon, Esquire