# UNITED STATES DISTRICT COURT
## CENTTRAL DISTRICT OF MASSACHUSETTS

Mark A. Peterson,
          Plaintiff

vs.

Massachusetts Institute of
Technology – Lincoln Laboratory,
and Research Development and Technical
Employees Union,

Civil Case No.  CA04-40148

## AFFIDAVIT

I, Myrna Solod, hereby depose and say:

1.  I am the Clerk of the Massachusetts Commission Against Discrimination (hereafter "the Commission"), and as such am familiar with the record-keeping procedures of the Commission.

2.  Search of Commission records indicates that Mark A. Peterson has filed one complaint at the Commission  (PETERSON v. MIT LINCOLN LAB  - MCAD Docket No. 03BEM02990).

3.  I have reviewed the copies attached hereto.

4.  After a review of the copies and a comparison of those copies with records kept in the files of the Commission, I hereby certify that the copies are true and accurate copies of documents actually in the records of the Commission.

5.  Such records and documents are kept in the regular and usual course of business by the Commission.

6.  The above statements are made and signed under pains and penalties of perjury this  4th  day of  October, 2004  .

_Myrna Solod_
Myrna Solod
Clerk of the Commission





# ANGOFF, GOLDMAN, MANNING,
## WANGER & HYNES, P.C.

E. DAVID WANGER
J.F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
8th FLOOR
BOSTON MASSACHUSETTS 02108

SAMUEL EANGOFF
(1929 – 1978)
SIDNEY S. GRANT
(1929 – 1957)

(617) 723-5500
FACSIMILE (617) 742-1015

OF COUNSEL
ALBERT LGOLDMAN
ROBERT D. MANNING

---

## FACSIMILE TRANSMITTAL SHEET

### NOTE: IF YOU HAVE A QUESTION OR PROBLEM REGARDING THIS TRANSMISSION, PLEASE CALL (617) 723-5500

**Attention Fax Operator:** This telecopy is attorney-client privileged and contains confidential information intended only for the person(s) named below. Any other distribution, copying or disclosure is strictly prohibited. If the below-named addressee is not a person at your office, this fax may have been missent to your number by mistake and should be reported to the sender immediately. Please telephone sender, collect if long-distance, to report the error. This fax may contain sensitive or confidential information the unintended release of which may have unfortunate legal and other consequences. Thank you

TO: _Yodelka Pina_

FROM: _John McMahon_

COMPANY: _MCAD_

DATE: _9/15/04_

FAX NUMBER: _(617) 994-6024_

TOTAL NO. OF PAGES INCLUDING COVER: _11_

PHONE NUMBER:

SENDER'S REFERENCE NUMBER:

RE: _MCAD Docket No. 03 BEM 02990_

YOUR REFERENCE NUMBER:

□ URGENT    □ FOR REVIEW    □ PLEASE COMMENT    □ PLEASE REPLY    □ PLEASE RECYCLE

**MESSAGE:**



# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

(617) 723-5500
FACSIMILE (617) 742-1015

SAMUEL E. ANGOFF
(1925-1978)
SIDNEY S. GRANT
(1929-1997)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

## VIA FAX AND U. S. MAIL – 617-994-6024

September 15, 2004

Yudelka Pina
Commission Against Discrimination
One Ashburton Place
Boston, MA  02108

**RE:    Peterson v. MIT Lincoln Laboratory**
**MCAD Docket No. 03BEM02990**

Dear Mrs. Pina:

Enclosed are my letter to Mr. Turner and its draft certification for proposed filing in
Peterson v. MIT – Lincoln Laboratory and Research, Development and Technical
Employees Union, U.S.D.C. C.A.04-40148 and the appended Commission records.

As noted in my letter and in our conversation, my office represents the Union.  Mr.
Peterson did not file an MCAD Complaint against the Union.

Could you advise me about any procedure for certification of the records.

Thank you for your assistance.

Very truly yours,

John F. McMahon

JFM/c
encls.

cc:    David Gay, President

# The Commonwealth of Massachusetts
## Commission Against Discrimination
### One Ashburton Place-Room 601
### Boston, Ma. 02108
### (617) 994-6000

## FACSIMILE TRANSMITTAL SHEET

TO: John F. McMahon

FAX: 617-742-1015

FROM: Jeffrey J. Turner, Public Records

DATE: September 14, 2004

RE: Peterson v. MIT Lincoln Lab; 03-BEM-02990

Dear Attorney McMahon:

This is in response to your request for certified records maintained by the Massachusetts Commission Against Discrimination pursuant to the Massachusetts Public Records Law.

Please be advised that we do not certify records provided under the Massachusetts Public Records Law. To acquire information about certified MCAD records, please contact Myrna Solod, Clerk of the Commission, at 617-994-6034.

Sincerely,

Jeffrey J. Turner
Public Records

PAGES INCLUDING COVER SHEET: 1
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

The information contained on this facsimile is intended only for the personal and confidential use of the designated recipients(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone and return the original message to me by mail. Thank you.

## ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

(617) 723-5500
FACSIMILE: (617) 742-1015

SAMUEL E. ANGOFF
(1929-1978)
SIDNEY S. GRANT
(1920-1957)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

VIA FAX AND MAIL: 617-994-6024

September 10, 2004

Jeffrey Turner
Administrator of Public Records
Commission Against Discrimination
One Ashburton Place · Room 601
Boston, MA 02108

RE:   Peterson v. MIT Lincoln Lab.
      MCAD Docket No. 03BEM02990

Dear Mr. Turner:

I represent the Research, Development, and Technical Employees Union, the bargaining agent for units of Institute and Laboratory employees. Mr. Peterson has initiated an action against the Employer and the Union asserting religious discrimination.

I advised in a recent voice mail that I would forward a draft certification of the Commission's records in his complaint against the Employer. I obtained the appended records recently from your office. The records reflect that his complaint charged only the employer. I understand also that there are no records of any Complaint against the Union.

This cumbersome certification is required by Fed. R. Civ. P. 44(b) and F.R. Evid. 901(b)7 or 902(4). Certification should bear the Agency's seal.

Please call me to discuss my request and possible alternatives.

Thank you for your cooperation.

Very truly yours,

John McMahon

John F. McMahon
JFM\pf
Encs.
cc:   David Gay, Pres., RDTEU

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  | CA04-40148 |
|---|---|---|
| MARK A. PETERSON, | ) | |
| Plaintiff | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| MASSACHUSETTS INSTITUTE OF | ) | |
| TECHNOLOGY – LINCOLN LABORATORY | ) | |
|  | ) | |
| -and- | ) | |
|  | ) | |
| RESEARCH, DEVELOPMENT and | ) | |
| TECHNICAL EMPLOYEES UNION | ) | |
| Defendants | ) | |

## CERTIFICATION

I, Jeffrey Turner, am Administrator of Public Records of the Massachusetts Commission Against Discrimination ("Commission") and I ma authorized to make this certification as to these matters of public records.

(A)     The Commission's public records of the matter docketed as <u>Peterson v. MIT Lincoln Lab</u>, MCAD Docket no. 03BEM02990, are:

1.     A complaint filed on November 19, 2003, appended as Exhibit 1;

2.     A letter dated April 9, 2004, from David O. Scott, Esquire to the Commission, appended as Exhibit 2;

3.     A RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION IN THE SAME MATTER IN CIVIL COURT, appended as Exhibit 3; and,

4.     A letter dated April 13, 2004, from Walter J. Sullivan, Investigating Commissioner, to David O. Scott, appended as Exhibit 4.



(B).    After diligent search no record of any Complaint by Mark A. Peterson against the Research, Development and Technical Employees Union ("Union") was found in the records of the Commission.

I certify that the records appended as Exhibits 1, 2, 3, and 4 are accurate copies of the Commission's public records and that after diligent search no record of any Complaint by Mark A. Peterson against the Union exists in the Commission's public records.

Jeffrey Turner
Administrator of Public Records
Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

4/13/04

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

Date Issued: 4/13/2004

David O. Scott, Esq.
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

Re:  Complainant(s)  Mark A Peterson

                                                    Vs.

      Respondent(s)   MIT Lincoln Lab

MCAD Docket Number: 03BEM02990
EEOC/HUD Charge Number: 16CA400336

Dear Counsel:

The Commission has received notice that a civil action is being filed in *Civil Court* in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J. Sullivan
Investigating Commissioner

Cc:

Jerome N. Weinstein, Esq.
Sullivan, Weinstein & McQuay
Two Park Plaza
Boston, MA 02116

THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST
## DISCRIMINATION
### ONE ASHBURTON PLACE
#### BOSTON, MA 02108-1518

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:      File
FR:      Robin Edwards
RE:      Mark A. Peterson v. MIT Lincoln Lab
MCAD #   03BEM02990
EEOC #   16CA400336 (25+ employees)
DATE:    April 13, 2004

### RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On November 19, 2003 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against him on or around November 19, 2003 on the basis of Religious Creed in violation of M.G.L. c.151B§4 (1A) and Title VII.

On April 9, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards
Administrative Assistant
MCAD, AAU

*Kimberly Boyd*

## LAW OFFICE OF DAVID O. SCOTT, P.C.

200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
508-261-7090

SUZANNE A. JETTE
PARALEGAL

FAX 508-261-7195
E-MAIL: DBESQ@AOL.COM

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

April 9, 2004

IN RE:  MARK A. PETERSON v. M.I.T. LINCOLN LAB
        MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

I hereby request permission to withdraw the Complaint filed on behalf
of my client, Mark A. Peterson, filed with this Commission for the
following reason.

    [ X ]  Complainant wishes to file a private right of
           action in Civil Court.
    [   ]  Complainant has reached a satisfactory settlement
           with the Respondent.
    [   ]  Complainant no longer intends to pursue this matter
           at the Commission.

Complainant also wishes to withdraw this Complaint from the Equal
Employment Opportunity Commission.

Complainant understands that by making this request, no further
complaint on the same matter may be brought before the MCAD.
Complainant has been advised that it is unlawful for any person or
persons to threaten, intimidate, or harass him because he filed a
Complaint. Complainant has not been coerced into requesting this
withdrawal.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place , Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

MCAD DOCKET NUMBER: 03BEM02990
FILING DATE: 11/19/03

EEOC/HUD CHARGE NUMBER: 16CA400336
VIOLATION DATE: 11/19/03

Name of Aggrieved Person or Organization:
Mark A Peterson
23 Mechanic Street
Milford, MA 01757
Primary Phone: (508) 634-5294 ext. _____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
MIT Lincoln Lab
Human Resources
244 Wood Street
Lexington, MA 02420
Primary Phone: (781) 981-5500 ext. _____
No. of Employees:       25+
Work Location: Lexington, MA

Cause of Discrimination based on:
Creed, Other specified creed (e.g. Non-Catholic).

The particulars are:
I, Mark A Peterson, the Complainant believe that I was discriminated against by MIT Lincoln Lab, on the basis of Creed. This is in violation of M.G.L. 151B Section 4 Paragraph 1A and Title VII.

I have been an employee of the Respondent, MIT Lincoln Lab, for 22 years as a machinist. For the past fifteen years, the Respondent has singled me out and harassed me. I have been assaulted with a chemical, had my property vandalized and stolen, my machines tampered with, threats against me and my wife, and threatening telephone calls. I have complained many times to Human Resources about this harassment. The Respondent has never done anything about this harassment. Human Resources claims to conduct investigations, but always comes back with an inconclusive finding. I believe that the reason the Respondent harasses me and singles me out is because of my Religious beliefs (Born Again Christian - Historic Orthodox Christian Bible Believing Views).

I have also been subjected to disparate treatment. There is a political system that exists where no one is treated the same and everyone in the department has to follow different rules. The most recent example of this different treatment is that I was reprimanded for reading at my machine. I was forced to work on a particular machine that I had never been trained to use before. I explained to my boss that I had never used the machine before and he had a Vietnamese employee, who did not speak English too well, train me on the machine. Because of the language barrier, it took a long time for me to be trained on that machine.

Almost two weeks later, while running my machine, my boss' supervisor, David Mandeville, and a fellow employee/union member told me to stop reading at the machine, in front of everyone. I asked Mr. Mandeville why there was different treatment among the employees. Mr. Mandeville told me to just sit there and look at the machine. All during this time, the other employees were surfing the net and doing other things while operating their machines. I did not understand why he told me to stop reading at the machine. Mr. Mandeville never offered me any reason for not reading.

Subsequent to this confrontation, a fellow employee told me that management was concerned about why it was taking me twice as long to run the machine as the other employees. Naturally, with my limited

MCAD Docket Number 03BEM02990, Complaint

knowledge about the new machine and my lack of adequate training, it would take me longer to get my work done. I went to Human Resources and we talked about the issue. We agreed that Mr. Mandeville should not have approached me in that manner. I felt that this was a brush off and requested another meeting, this time with Mr. Mandeville. During this meeting, Human Resources told me that Mr. Mandeville's request for me to stop reading at the machine was not because of my work productivity, but because it just did not look good. Then I asked Human Resources why other employees can read at their machines and they did not give me an adequate response. Furthermore, in my twenty-two years with the Respondent, it has been common practice for the machinists to read while at the machines.

Based on these facts, I feel that I have been discriminated against based on my religious beliefs. All I ask is that the harassment stops and that I be treated the same as everyone else in the department.
-----------------------------------------------------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Mark A. Peterson*
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 11/19/2003.

NOTARY PUBLIC: *Wayne Thomas*

SIGNATURE NOTARY PUBLIC: *Wayne*
MY COMMISSION EXPIRES: *5/7/10*

MCAD Docket Number 03BEM02990. Complain:

```
********************
***   RX REPORT   ***
********************


RECEPTION OK

TX/RX NO            9386
RECIPIENT ADDRESS   16177421015
DESTINATION ID
ST. TIME            09/15 01:34
TIME USE            05'32
PGS.                 11
RESULT              OK
```

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

MCAD DOCKET NUMBER: 03BEM02990          EEOC/HUD CHARGE NUMBER: 16CA400336
FILING DATE: 11/19/03                              VIOLATION DATE: 11/19/03

Name of Aggrieved Person or Organization:
Mark A Peterson
23 Mechanic Street
Milford, MA 01757
Primary Phone: (508) 634-5294 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who
discriminated against me:
MIT Lincoln Lab
Human Resources
244 Wood Street
Lexington, MA 02420
Primary Phone: (781) 981-5500 ext. ____
No. of Employees:          25+
Work Location: Lexington, MA

Cause of Discrimination based on:
Creed, Other specified creed (e.g. Non-Catholic).

**The particulars are:**
I, Mark A Peterson, the Complainant believe that I was discriminated against by MIT Lincoln Lab, on the
basis of Creed. This is in violation of M.G.L. 151B Section 4 Paragraph 1A and Title VII.

I have been an employee of the Respondent, MIT Lincoln Lab, for 22 years as a machinist. For the past
fifteen years, the Respondent has singled me out and harassed me. I have been assaulted with a chemical,
had my property vandalized and stolen, my machines tampered with, threats against me and my wife, and
threatening telephone calls. I have complained many times to Human Resources about this harassment.
The Respondent has never done anything about this harassment. Human Resources claims to conduct
investigations, but always comes back with an inconclusive finding. I believe that the reason the
Respondent harasses me and singles me out is because of my Religious beliefs (Born Again Christian -
Historic Orthodox Christian Bible Believing Views).

I have also been subjected to disparate treatment. There is a political system that exists where no one is
treated the same and everyone in the department has to follow different rules. The most recent example of
this different treatment is that I was reprimanded for reading at my machine. I was forced to work on a
particular machine that I had never been trained to use before. I explained to my boss that I had never used
the machine before and he had a Vietnamese employee, who did not speak English too well, train me on the
machine. Because of the language barrier, it took a long time for me to be trained on that machine.

Almost two weeks later, while running my machine, my boss' supervisor, David Mandeville, and a fellow
employee/union member told me to stop reading at the machine, in front of everyone. I asked Mr.
Mandeville why there was different treatment among the employees. Mr. Mandeville told me to just sit
there and look at the machine. All during this time, the other employees were surfing the net and doing
other things while operating their machines. I did not understand why he told me to stop reading at the
machine. Mr. Mandeville never offered me any reason for not reading.

Subsequent to this confrontation, a fellow employee told me that management was concerned about why it
was taking me twice as long to run the machine as the other employees. Naturally, with my limited

MCAD Docket Number 03BEM02990, Complaint



knowledge about the new machine and my lack of adequate training, it would take me longer to get my work done. I went to Human Resources and we talked about the issue. We agreed that Mr. Mandeville should not have approached me in that manner. I felt that this was a brush off and requested another meeting, this time with Mr. Mandeville. During this meeting, Human Resources told me that Mr. Mandeville's request for me to stop reading at the machine was not because of my work productivity, but because it just did not look good. Then I asked Human Resources why other employees can read at their machines and they did not give me an adequate response. Furthermore, in my twenty-two years with the Respondent, it has been common practice for the machinists to read while at the machines.

Based on these facts, I feel that I have been discriminated against based on my religious beliefs. All I ask is that the harassment stops and that I be treated the same as everyone else in the department.

--------------------------------------------------------------------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Mark A. Peterson*
(Signature of Complainant)


SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 11/19/2003.

NOTARY PUBLIC: *Wayne Thomas*

SIGNATURE NOTARY PUBLIC: *Wayne*
MY COMMISSION EXPIRES: *5/7/10*

Attn: Pamela Brooks

This is an amendment to my previous complaint.

Even since my complaint with MCAD started, I am still being subjected to a work environment which is discriminatory, harassing, and hostile. One employee at work named Matt Pineau has interefered repeatedly over the course of several years with my ability to work. I've brought complaints such as verbal abuse of a religious nature, insulting and provoking remarks about me to others in my my presence, throwing trash in my machine, moving my rollaway tool box far away from my immediate work area when I'm not around, and the reason I'm here today — repeatedly messing around with the machine I'm working at when I leave briefly, or am gone for a day. Also there have been numerous times that printed matter of a religious or generally insulting nature have been left on the wall, or on my bench or machine that I believe have come from him. My Employer does nothing to deal with him or others that have done similar things in the past. They always pretend that they can't determine that anything has happened. Even when this individual and others admit that they have done something, it's always with an excuse that it's an accident or some other lame and unbelievable thing. My Employer then encourages this behavior by brushing things under the rug. I believe that this individual as well as others are trying to provoke a physical incident between us which I never oblige them. The reason I believe this is because those who do this are socially and politically connected to people in my immediate management situation. And that I would be

the one who would suffer the consequences if something like this occured.

Mark A. Peterson
December 16, 2003



## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
## INTAKE INTERVIEW FORM

NAME Mark A. Peterson          HOME TELEPHONE (508) 634-5294

STREET ADDRESS 23 Mechanic St

CITY Milford          WORK (781) 981-4363

SS# 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 MARITAL STATUS M     STATE MA          ZIP CODE 01757

LEVEL OF EDUCATION 12

NAME/TITLE OF THE POSITION YOU HELD OR SOUGHT:          RACE White

IDENTIFY PERSON (S) YOU MAY BE CONTACTED THROUGH IF NEEDED

NAME _____ ADDRESS _____ PHONE _____

EMPLOYER OR DISCRIMINATING OFFICIAL

NAME MIT Lincoln Lab

ADDRESS STREET 244 Wood St     TEL (781) 981-5500

STATE MA     ZIP CODE _____     CITY Lexington     NO. OF EMPLOYEES ____

DATE OF LAST DISCRIMINATORY ACT Oct 10, 2003

I BELIEVE I WAS DISCRIMINATED AGAINST IN: (PLEASE CHECK APPROPRIATE BOX)

(X) EMPLOYMENT   ( ) PUBLIC ACCOMMODATIONS   ( ) EDUCATION   ( ) CREDIT   ( ) OTHER
SERVICES

I BELIEVE I WAS DISCRIMINATED AGAINST BECAUSE OF (PLEASE CHECK APPROPRIATE BOX)

( ) RACE ( ) COLOR ( ) NATIONAL ORIGIN ( ) ANCESTRY ( ) AGE ((DOB) _____ ) ( ) SEX
( ) SEXUAL HARASSMENT ( ) SEXUAL ORIENTATION ( ) DISABILITY (X) RELIGION
( ) CRIMINAL RECORD (X) RETALIATION

THE TYPE OF DISCRIMINATION IS: (PLEASE CHECK APPROPRIATE BOX)

( ) TERMINATION ( ) FAILURE TO HIRE ( ) LAYOFF (X) HARASSMENT ( ) DENIED PROMOTION
(X) TERMS & CONDITIONS ( ) REASONABLE ACCOMMODATION ( ) OTHER (SPECIFY)

IDENTIFY OTHER PERSON (S) WHO WERE TREATED DIFFERENTLY THAN YOU (NOT DISCRIMINATED AGAINST) TO
WHICH YOU COMPARE YOURSELF TO:

NAME _____ (I.E. RACE, SEX, DISABILITY)

NAME Every one in the shop is treated differently. I have a list of names

SUMMARIZE THE ACT (S) OF DISCRIMINATION YOU ARE COMPLAINING ABOUT:

I was singled out and told to stop reading while I was operating an automatic machine,
I was told to just sit and stare at the machine. When I pointed out the fact that
everyone for twenty years was allowed to do this, I was told to mind my business

STATE THE REMEDY YOU ARE SEEKING: the same rules for everyone, or an apology

SIGNED Mark A. Peterson          DATE Nov 19, 2003

FOR OFFICIAL USE ONLY (Note that this is not a complaint form) 10/02

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

*4/13/04*

Date Issued: 4/13/2004

David O. Scott, Esq.
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

Re:  **Complainant(s)**   **Mark A Peterson**

Vs.

**Respondent(s)**   **MIT Lincoln Lab**

**MCAD Docket Number: 03BEM02990**
**EEOC/HUD Charge Number: 16CA400336**

Dear Counsel:

The Commission has received notice that a civil action is being filed in ***Civil Court*** in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J Sullivan
Investigating Commissioner

Cc:

Jerome N. Weinstein, Esq.
Sullivan, Weinstein & McQuay
Two Park Plaza
Boston, MA 02116





THE COMMONWEALTH OF MASSACHUSETTS

# COMMISSION AGAINST DISCRIMINATION

ONE ASHBURTON PLACE

**BOSTON, MA 02108-1518**

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:       **File**
FR:       **Robin Edwards**
RE:       **Mark A. Peterson v. MIT Lincoln Lab**
MCAD #    **03BEM02990**
EEOC #    **16CA400336 (25+ employees)**
DATE:     **April 13, 2004**

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On November 19, 2003 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against him on or around November 19, 2003 on the basis of Religious Creed in violation of M.G.L. c.151B§4 (1A) and Title VII.

On April 9, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.



Robin Edwards
Administrative Assistant
MCAD, AAU



*Kimberly Boyd*

## LAW OFFICE OF DAVID O. SCOTT, P.C.

200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS  02048
508-261-7090

SUZANNE A. JETTÉ
PARALEGAL

FAX 508-261-7196
E-MAIL: DSESQ@AOL.COM

Massachusetts Commission                                 April 9, 2004
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

IN RE:  MARK A. PETERSON v. M.I.T. LINCOLN LAB
        MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

I hereby request permission to withdraw the Complaint filed on behalf of my client, Mark A. Peterson, filed with this Commission for the following reason.

    [ X ]   Complainant wishes to file a private right of
            action in Civil Court.
    [   ]   Complainant has reached a satisfactory settlement
            with the Respondent.
    [   ]   Complainant no longer intends to pursue this matter
            at the Commission.

Complainant also wishes to withdraw this Complaint from the Equal Employment Opportunity Commission.

Complainant understands that by making this request, no further complaint on the same matter may be brought before the MCAD. Complainant has been advised that it is unlawful for any person or persons to threaten, intimidate, or harass him because he filed a Complaint. Complainant has not been coerced into requesting this withdrawal.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802



# COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
One Ashburton Place
Boston, MA 02108

(617) 994-6000
fax (617) 994-6024

January 28, 2004

David O Scott, Esq.
Dean & Scott, Attorneys At Law
23 Mechanic Street
Milford, MA 01757



Re:     **Request for Complainant's Response to Position Statement**
Case:   Mark A Peterson v. MIT Lincoln Lab
No: 03BEM02990

Dear Counsel:

Now that all parties have received a copy of Respondent's position statement, the Commission requests that Complainant, through counsel, submit *a response to the position statement* within twenty one (21) days of receipt of this letter.

Complainant's response shall consist of a **maximum** of five (5) pages, double-spaced. The response should set forth the Complainant's prima facie case by using any facts and information currently available. Complainant should also state the reasons he/she believes Respondent's articulated reason for the adverse action was pretextual and why information sought in discovery would support Complainant's allegations.

Once the Commission has received Complainant's response, the investigator will review the charges and responses in determining whether a Pre-Determination Discovery Order (*804 CMR 1.13(7)*) should issue.

**Complainant is <u>not</u> required to send in a response to the position statement** but may instead submit a letter affirming that the complaint, as filed, meets the requirements set forth above. However, failure of Complainant to meet the minimum-filing requirements as described above <u>may</u> result in the Commission's recommendation of a finding without the benefit of discovery.

If you have any questions, please contact me at 617 994-6097.

Sincerely,

Kimberly Boyd
Attorney Investigator

cc:     Jerome N Weinstein, Esq.
        Sullivan Weinstein & McQuay
        Two Park Plaza
        Boston, MA 02116

MCAD_AAU Cp Response Letter