# UNITED STATES DISTRICT COURT
## CENTTRAL DISTRICT OF MASSACHUSETTS

Mark A. Peterson,
               Plaintiff

vs.

Massachusetts Institute of
Technology – Lincoln Laboratory,
and Research Development and Technical
Employees Union,

Civil Case No.  CA04-40148

## AFFIDAVIT

I, Myrna Solod, hereby depose and say:

    1.  I am the Clerk of the Massachusetts Commission Against Discrimination (hereafter "the Commission"), and as such am familiar with the record-keeping procedures of the Commission.

    2.  Search of Commission records indicates that Mark A. Peterson has filed one complaint at the Commission  (PETERSON v. MIT LINCOLN LAB  - MCAD Docket No. 03BEM02990).

    3.  I have reviewed the copies attached hereto.

    4.  After a review of the copies and a comparison of those copies with records kept in the files of the Commission, I hereby certify that the copies are true and accurate copies of documents actually in the records of the Commission.

    5.  Such records and documents are kept in the regular and usual course of business by the Commission.

    6.  The above statements are made and signed under pains and penalties of perjury this  4th   day of  October, 2004   .

Myrna Solod
Clerk of the Commission





# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J.F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
8th FLOOR
BOSTON MASSACHUSETTS 02108

(617) 723-5500
FACSIMILE (617) 742-1015

SAMUEL EANGOFF
(1929 – 1978)
SIDNEY S. GRANT
(1929 – 1957)

OF COUNSEL
ALBERT LGOLDMAN
ROBERT D. MANNING

---

## FACSIMILE TRANSMITTAL SHEET

**NOTE:** IF YOU HAVE A QUESTION OR PROBLEM REGARDING THIS TRANSMISSION, PLEASE CALL (617) 723-5500

<u>Attention Fax Operator:</u> This telecopy is attorney-client privileged and contains confidential information intended only for the person(s) named below. Any other distribution, copying or disclosure is strictly prohibited. If the below-named addressee is not a person at your office, this fax may have been missent to your number by mistake and should be reported to the sender immediately. Please telephone sender, collect if long-distance, to report the error. This fax may contain sensitive or confidential information the unintended release of which may have unfortunate legal and other consequences. Thank you

TO: _Yodelka Pina_

FROM: _John McMahon_

COMPANY: _MCAD_

DATE: _9/15/04_

FAX NUMBER: _(617) 994-6024_

TOTAL NO. OF PAGES INCLUDING COVER: _11_

PHONE NUMBER:

SENDER'S REFERENCE NUMBER:

RE: _MCAD Docket No. 03 BEM 02990_

YOUR REFERENCE NUMBER:

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**MESSAGE:**



# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

—————

(617) 723-5500
FACSIMILE: (617) 742-1015

SAMUEL E. ANGOFF
(1825-1978)
SIDNEY S. GRANT
(1929-1987)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

**VIA FAX AND U. S. MAIL – 617-994-6024**

September 15, 2004

Yudelka Pina
Commission Against Discrimination
One Ashburton Place
Boston, MA  02108

**RE:   Peterson v. MIT Lincoln Laboratory
        MCAD Docket No. 03BEM02990**

Dear Mrs. Pina:

Enclosed are my letter to Mr. Turner and its draft certification for proposed filing in
Peterson v. MIT – Lincoln Laboratory and Research, Development and Technical
Employees Union, U.S.D.C. C.A.04-40148 and the appended Commission records.

As noted in my letter and in our conversation, my office represents the Union.  Mr.
Peterson did not file an MCAD Complaint against the Union.

Could you advise me about any procedure for certification of the records.

Thank you for your assistance.

Very truly yours,

John F. McMahon

JFM/c
encls.

cc:    David Gay, President

### The Commonwealth of Massachusetts
### Commission Against Discrimination
### One Ashburton Place-Room 601
### Boston, Ma. 02108
### (617) 994-6000

## FACSIMILE TRANSMITTAL SHEET

TO: John F. McMahon

FAX: 617-742-1015

FROM: Jeffrey J. Turner, Public Records

DATE: September 14, 2004

RE: Peterson v. MIT Lincoln Lab; 03-BEM-02990

Dear Attorney McMahon:

    This is in response to your request for certified records maintained by the Massachusetts Commission Against Discrimination pursuant to the Massachusetts Public Records Law.

    Please be advised that we do not certify records provided under the Massachusetts Public Records Law. To acquire information about certified MCAD records, please contact Myrna Solod, Clerk of the Commission, at 617-994-6034.

Sincerely,

Jeffrey J. Turner
Public Records

PAGES INCLUDING COVER SHEET: 1

□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□

The information contained on this facsimile is intended only for the personal and confidential use of the designated recipients(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone and return the original message to me by mail. Thank you.



# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

SAMUEL E. ANGOFF
(1920-1978)
SIDNEY S. GRANT
(1920-1997)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

(617) 723-5500
FACSIMILE: (617) 742-1015

VIA FAX AND MAIL: 617-994-6024

September 10, 2004

Jeffrey Turner
Administrator of Public Records
Commission Against Discrimination
One Ashburton Place · Room 601
Boston, MA 02108

RE:    Peterson v. MIT Lincoln Lab.
       MCAD Docket No. 03BEM02990

Dear Mr. Turner:

I represent the Research, Development, and Technical Employees Union, the bargaining agent for units of Institute and Laboratory employees. Mr. Peterson has initiated an action against the Employer and the Union asserting religious discrimination.

I advised in a recent voice mail that I would forward a draft certification of the Commission's records in his complaint against the Employer. I obtained the appended records recently from your office. The records reflect that his complaint charged only the employer. I understand also that there are no records of any Complaint against the Union.

This cumbersome certification is required by Fed. R. Civ. P. 44(b) and F.R. Evid. 901(b)7 or 902(4). Certification should bear the Agency's seal.

Please call me to discuss my request and possible alternatives.

Thank you for your cooperation.

Very truly yours,

John F. McMahon
JFM\pf
Encs.
cc:    David Gay, Pres., RDTEU

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  | CA04-40148 |
|---|---|---|
| MARK A. PETERSON, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS INSTITUTE OF | ) | |
| TECHNOLOGY – LINCOLN LABORATORY | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| RESEARCH, DEVELOPMENT and | ) | |
| TECHNICAL EMPLOYEES UNION | ) | |
| Defendants | ) | |

## CERTIFICATION

I, Jeffrey Turner, am Administrator of Public Records of the Massachusetts Commission Against Discrimination ("Commission") and I ma authorized to make this certification as to these matters of public records.

(A)    The Commission's public records of the matter docketed as Peterson v. MIT Lincoln Lab, MCAD Docket no. 03BEM02990, are:

1.    A complaint filed on November 19, 2003, appended as Exhibit 1;

2.    A letter dated April 9, 2004, from David O. Scott, Esquire to the Commission, appended as Exhibit 2;

3.    A RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION IN THE SAME MATTER IN CIVIL COURT, appended as Exhibit 3; and,

4.    A letter dated April 13, 2004, from Walter J. Sullivan, Investigating Commissioner, to David O. Scott, appended as Exhibit 4.



(B).   After diligent search no record of any Complaint by Mark A. Peterson against the Research, Development and Technical Employees Union ("Union") was found in the records of the Commission.

I certify that the records appended as Exhibits 1, 2, 3, and 4 are accurate copies of the Commission's public records and that after diligent search no record of any Complaint by Mark A. Peterson against the Union exists in the Commission's public records.

Jeffrey Turner
Administrator of Public Records
Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

4/13/04

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

Date Issued: 4/13/2004

David O. Scott, Esq.
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

Re:    Complainant(s)    Mark A Peterson

Vs.

       Respondent(s)    MIT Lincoln Lab

MCAD Docket Number: 03BEM02990
EEOC/HUD Charge Number: 16CA400336

Dear Counsel:

The Commission has received notice that a civil action is being filed in *Civil Court* in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J. Sullivan
Investigating Commissioner

Cc:

Jerome N. Weinstein, Esq.
Sullivan, Weinstein & McQuay
Two Park Plaza
Boston, MA 02116

THE COMMONWEALTH OF MASSACHUSETTS

# COMMISSION AGAINST DISCRIMINATION

### ONE ASHBURTON PLACE
#### BOSTON, MA 02108-1518

Tel: (617) 994-6000         TTY: (617) 994-6196         Fax: (617) 994-6024

| | |
|---|---|
| TO: | File |
| FR: | Robin Edwards |
| RE: | Mark A. Peterson v. MIT Lincoln Lab |
| MCAD # | 03BEM02990 |
| EEOC # | 16CA400336 (25+ employees) |
| DATE: | April 13, 2004 |

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On November 19, 2003 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against him on or around November 19, 2003 on the basis of Religious Creed in violation of M.G.L. c.151B§4 (1A) and Title VII.

On April 9, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards
Administrative Assistant
MCAD, AAU

*Kimberly Boyd*

# LAW OFFICE OF DAVID O. SCOTT, P.C.

200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
508-261-7090

SUZANNE A. JETTE
PARALEGAL

FAX 508-261-7195
E-MAIL: DBESQ@AOL.COM

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

April 9, 2004

IN RE:  MARK A. PETERSON v. M.I.T. LINCOLN LAB
        MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

I hereby request permission to withdraw the Complaint filed on behalf of my client, Mark A. Peterson, filed with this Commission for the following reason.

[ X ]  Complainant wishes to file a private right of action in Civil Court.

[   ]  Complainant has reached a satisfactory settlement with the Respondent.

[   ]  Complainant no longer intends to pursue this matter at the Commission.

Complainant also wishes to withdraw this Complaint from the Equal Employment Opportunity Commission.

Complainant understands that by making this request, no further complaint on the same matter may be brought before the MCAD. Complainant has been advised that it is unlawful for any person or persons to threaten, intimidate, or harass him because he filed a Complaint. Complainant has not been coerced into requesting this withdrawal.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802

## The Commonwealth of Massachusetts
## Commission Against Discrimination
One Ashburton Place , Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

MCAD DOCKET NUMBER: 03BEM02990
FILING DATE: 11/19/03

EEOC/HUD CHARGE NUMBER: 16CA400336
VIOLATION DATE: 11/19/03

Name of Aggrieved Person or Organization:
Mark A Peterson
23 Mechanic Street
Milford, MA 01757
Primary Phone: (508) 634-5294 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
MIT Lincoln Lab
Human Resources
244 Wood Street
Lexington, MA 02420
Primary Phone: (781) 981-5500 ext. ____
No. of Employees:      25+
Work Location: Lexington, MA

Cause of Discrimination based on:
Creed, Other specified creed (e.g. Non-Catholic).

The particulars are:

I, Mark A Peterson, the Complainant believe that I was discriminated against by MIT Lincoln Lab, on the basis of Creed. This is in violation of M.G.L. 151B Section 4 Paragraph 1A and Title VII.

I have been an employee of the Respondent, MIT Lincoln Lab, for 22 years as a machinist. For the past fifteen years, the Respondent has singled me out and harassed me. I have been assaulted with a chemical, had my property vandalized and stolen, my machines tampered with, threats against me and my wife, and threatening telephone calls. I have complained many times to Human Resources about this harassment. The Respondent has never done anything about this harassment. Human Resources claims to conduct investigations, but always comes back with an inconclusive finding. I believe that the reason the Respondent harasses me and singles me out is because of my Religious beliefs (Born Again Christian - Historic Orthodox Christian Bible Believing Views).

I have also been subjected to disparate treatment. There is a political system that exists where no one is treated the same and everyone in the department has to follow different rules. The most recent example of this different treatment is that I was reprimanded for reading at my machine. I was forced to work on a particular machine that I had never been trained to use before. I explained to my boss that I had never used the machine before and he had a Vietnamese employee, who did not speak English too well, train me on the machine. Because of the language barrier, it took a long time for me to be trained on that machine.

Almost two weeks later, while running my machine, my boss' supervisor, David Mandeville, and a fellow employee/union member told me to stop reading at the machine, in front of everyone. I asked Mr. Mandeville why there was different treatment among the employees. Mr. Mandeville told me to just sit there and look at the machine. All during this time, the other employees were surfing the net and doing other things while operating their machines. I did not understand why he told me to stop reading at the machine. Mr. Mandeville never offered me any reason for not reading.

Subsequent to this confrontation, a fellow employee told me that management was concerned about why it was taking me twice as long to run the machine as the other employees. Naturally, with my limited

MCAD Docket Number 03BEM02990, Complaint

knowledge about the new machine and my lack of adequate training, it would take me longer to get my work done. I went to Human Resources and we talked about the issue. We agreed that Mr. Mandeville should not have approached me in that manner. I felt that this was a brush off and requested another meeting, this time with Mr. Mandeville. During this meeting, Human Resources told me that Mr. Mandeville's request for me to stop reading at the machine was not because of my work productivity, but because it just did not look good. Then I asked Human Resources why other employees can read at their machines and they did not give me an adequate response. Furthermore, in my twenty-two years with the Respondent, it has been common practice for the machinists to read while at the machines.

Based on these facts, I feel that I have been discriminated against based on my religious beliefs. All I ask is that the harassment stops and that I be treated the same as everyone else in the department.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_Mark A. Peterson_
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 11/19/2003.

NOTARY PUBLIC: _Wayne Thomas_

SIGNATURE NOTARY PUBLIC: _____
MY COMMISSION EXPIRES: _5/7/10_

MCAD Docket Number 03BEM02990. Complain:

```
**********************
***   RX REPORT   ***
**********************


RECEPTION OK

TX/RX NO              9386
RECIPIENT ADDRESS     16177421015
DESTINATION ID
ST. TIME              09/15 01:34
TIME USE              05'32
PGS.                   11
RESULT                OK
```

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone:  (617) 994-6000 Fax:  (617) 994-6024**

---

MCAD DOCKET NUMBER: 03BEM02990          EEOC/HUD CHARGE NUMBER:  16CA400336
FILING DATE: 11/19/03                             VIOLATION DATE:  11/19/03

---

Name of Aggrieved Person or Organization:
Mark A Peterson
23 Mechanic Street
Milford, MA 01757
Primary Phone: (508) 634-5294 ext. ____

---

Named is the employer, labor organization, employment agency, or state/local government agency who
discriminated against me:
MIT Lincoln Lab
Human Resources
244 Wood Street
Lexington, MA 02420
Primary Phone: (781) 981-5500 ext. ____
No. of Employees:          25+
Work Location: Lexington, MA

---

Cause of Discrimination based on:
Creed, Other specified creed (e.g. Non-Catholic).

---

**The particulars are:**

I, Mark A Peterson, the Complainant believe that I was discriminated against by MIT Lincoln Lab, on the
basis of Creed. This is in violation of M.G.L. 151B Section 4 Paragraph 1A and Title VII.

I have been an employee of the Respondent, MIT Lincoln Lab, for 22 years as a machinist. For the past
fifteen years, the Respondent has singled me out and harassed me.  I have been assaulted with a chemical,
had my property vandalized and stolen, my machines tampered with, threats against me and my wife, and
threatening telephone calls.  I have complained many times to Human Resources about this harassment.
The Respondent has never done anything about this harassment. Human Resources claims to conduct
investigations, but always comes back with an inconclusive finding. I believe that the reason the
Respondent harasses me and singles me out is because of my Religious beliefs (Born Again Christian -
Historic Orthodox Christian Bible Believing Views).

I have also been subjected to disparate treatment. There is a political system that exists where no one is
treated the same and everyone in the department has to follow different rules. The most recent example of
this different treatment is that I was reprimanded for reading at my machine. I was forced to work on a
particular machine that I had never been trained to use before. I explained to my boss that I had never used
the machine before and he had a Vietnamese employee, who did not speak English too well, train me on the
machine. Because of the language barrier, it took a long time for me to be trained on that machine.

Almost two weeks later, while running my machine, my boss' supervisor, David Mandeville, and a fellow
employee/union member told me to stop reading at the machine, in front of everyone. I asked Mr.
Mandeville why there was different treatment among the employees. Mr. Mandeville told me to just sit
there and look at the machine. All during this time, the other employees were surfing the net and doing
other things while operating their machines. I did not understand why he told me to stop reading at the
machine. Mr. Mandeville never offered me any reason for not reading.

Subsequent to this confrontation, a fellow employee told me that management was concerned about why it
was taking me twice as long to run the machine as the other employees. Naturally, with my limited

knowledge about the new machine and my lack of adequate training, it would take me longer to get my work done. I went to Human Resources and we talked about the issue. We agreed that Mr. Mandeville should not have approached me in that manner. I felt that this was a brush off and requested another meeting, this time with Mr. Mandeville. During this meeting, Human Resources told me that Mr. Mandeville's request for me to stop reading at the machine was not because of my work productivity, but because it just did not look good. Then I asked Human Resources why other employees can read at their machines and they did not give me an adequate response. Furthermore, in my twenty-two years with the Respondent, it has been common practice for the machinists to read while at the machines.

Based on these facts, I feel that I have been discriminated against based on my religious beliefs. All I ask is that the harassment stops and that I be treated the same as everyone else in the department.

----------------------------------------------------------------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_Mark A. Peterson_
(Signature of Complainant)


SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 11/19/2003.

NOTARY PUBLIC: _Wayne Thomas_

SIGNATURE NOTARY PUBLIC: _Wayne_
MY COMMISSION EXPIRES: _5/7/10_

Attn: Pamela Brooks

This is an amendment to my previous complaint.

Ever since my complaint with MCAD started, I am still being subjected to a work environment which is discriminatory, harassing, and hostile. One employee at work named Matt Pineau has interfered repeatedly over the course of several years with my ability to work. I've brought complaints such as verbal abuse of a religious nature, insulting and provoking remarks about me to others in my my presence, throwing trash in my machine, moving my rollaway tool box far away from my immediate work area when I'm not around, and the reason I'm here today — repeatedly messing around with the machine I'm working at when I leave briefly, or am gone for a day. Also there have been numerous times that printed matter of a religious or generally insulting nature have been left on the wall, or on my bench or machine that I believe have come from him. My Employer does nothing to deal with him or others that have done similar things in the past. They always pretend that they can't determine that anything has happened. Even when this individual and others admit that they have done something, it's always with an excuse that it's an accident or some other lame and unbelievable thing. My Employer then encourages this behavior by brushing things under the rug. I believe that this individual as well as others are trying to provoke a physical incident between us which I never oblige them. The reason I believe this is because those who do this are socially and politically connected to people in my immediate management situation. And that I would be

the one who would suffer the consequences if something like this occured.

Mark A. Peterson
December 16, 2003



## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
### INTAKE INTERVIEW FORM

NAME Mark A. Peterson          HOME TELEPHONE (508) 634-5294

STREET ADDRESS 23 Mechanic St

CITY Milford          WORK (781) 981-4363

SSN# 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 MARITAL STATUS M          STATE MA          ZIP CODE 01757

NAME/TITLE OF THE POSITION YOU HELD OR SOUGHT:          LEVEL OF EDUCATION 12          RACE White

IDENTIFY PERSON (S) YOU MAY BE CONTACTED THROUGH IF NEEDED
NAME                    ADDRESS                    PHONE

EMPLOYER OR DISCRIMINATING OFFICIAL

NAME MIT Lincoln Lab

ADDRESS STREET 244 Wood St          TEL (781) 981-5500          NO. OF EMPLOYEES

STATE MA          ZIP CODE          CITY Lexington

DATE OF LAST DISCRIMINATORY ACT Oct 10, 2003

I BELIEVE I WAS DISCRIMINATED AGAINST IN: (PLEASE CHECK APPROPRIATE BOX)

(X) EMPLOYMENT  ( ) PUBLIC ACCOMMODATIONS  ( ) EDUCATION  ( ) CREDIT  ( ) OTHER
SERVICES

I BELIEVE I WAS DISCRIMINATED AGAINST BECAUSE OF (PLEASE CHECK APPROPRIATE BOX)

( ) RACE  ( ) COLOR  ( ) NATIONAL ORIGIN  ( ) ANCESTRY  ( ) AGE ((DOB)_____) ( ) SEX
( ) SEXUAL HARASSMENT  ( ) SEXUAL ORIENTATION  ( ) DISABILITY  (X) RELIGION
( ) CRIMINAL RECORD  (X) RETALIATION

THE TYPE OF DISCRIMINATION IS: (PLEASE CHECK APPROPRIATE BOX)

( ) TERMINATION  ( ) FAILURE TO HIRE  ( ) LAYOFF  (X) HARASSMENT  ( ) DENIED PROMOTION
(X) TERMS & CONDITIONS  ( ) REASONABLE ACCOMMODATION  ( ) OTHER (SPECIFY)

IDENTIFY OTHER PERSON (S) WHO WERE TREATED DIFFERENTLY THAN YOU (NOT DISCRIMINATED AGAINST) TO
WHICH YOU COMPARE YOURSELF TO:
NAME                    (I.E. RACE, SEX, DISABILITY)

NAME Every one in the shop is treated differently. I have a list of names

SUMMARIZE THE ACT (S) OF DISCRIMINATION YOU ARE COMPLAINING ABOUT:

I was singled out and told to stop reading while I was operating an automatic machine, I was told to just sit and stare at the machine. When I pointed out the fact that every one for twenty years was allowed to do this, I was told to mind my business

STATE THE REMEDY YOU ARE SEEKING: the same rules for every one, or an apology

SIGNED Mark A. Peterson          DATE Nov 19, 2003

FOR OFFICIAL USE ONLY (Note that this is not a complaint form) 10/02

4/13/04

### The Commonwealth of Massachusetts
### Commission Against Discrimination
### One Ashburton Place, Boston, MA 02108
### Phone: (617) 994-6000 Fax: (617) 994-6024

Date Issued: 4/13/2004

David O. Scott, Esq.
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

Re:  **Complainant(s)   Mark A Peterson**

                                                          Vs.

     **Respondent(s)   MIT Lincoln Lab**

**MCAD Docket Number: 03BEM02990**
**EEOC/HUD Charge Number: 16CA400336**

Dear Counsel:

The Commission has received notice that a civil action is being filed in ***Civil Court*** in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J. Sullivan
Investigating Commissioner

Cc:

Jerome N. Weinstein, Esq.
Sullivan, Weinstein & McQuay
Two Park Plaza
Boston, MA 02116



MCAD Docket Number 03BEM02990, Case Removed to Court Cover Letter                    Page    1



# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE
#### BOSTON, MA 02108-1518

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:        **File**
FR:        **Robin Edwards**
RE:        **Mark A. Peterson v. MIT Lincoln Lab**
MCAD #     **03BEM02990**
EEOC #     **16CA400336 (25+ employees)**
DATE:      **April 13, 2004**

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On November 19, 2003 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against him on or around November 19, 2003 on the basis of Religious Creed in violation of M.G.L. c.151B§4 (1A) and Title VII.

On April 9, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.



Robin Edwards
Administrative Assistant
MCAD, AAU



# LAW OFFICE OF DAVID O. SCOTT, P.C.

200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
508-261-7090

SUZANNE A. JETTÉ
PARALEGAL

FAX 508-261-7196
E-MAIL: DSESQ@AOL.COM

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

April 9, 2004

IN RE:  MARK A. PETERSON v. M.I.T. LINCOLN LAB
        MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

I hereby request permission to withdraw the Complaint filed on behalf of my client, Mark A. Peterson, filed with this Commission for the following reason.

[ X ]   Complainant wishes to file a private right of action in Civil Court.
[   ]   Complainant has reached a satisfactory settlement with the Respondent.
[   ]   Complainant no longer intends to pursue this matter at the Commission.

Complainant also wishes to withdraw this Complaint from the Equal Employment Opportunity Commission.

Complainant understands that by making this request, no further complaint on the same matter may be brought before the MCAD. Complainant has been advised that it is unlawful for any person or persons to threaten, intimidate, or harass him because he filed a Complaint. Complainant has not been coerced into requesting this withdrawal.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802



# COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
One Ashburton Place
Boston, MA 02108

(617) 994-6000
fax (617) 994-6024

January 28, 2004

David O Scott, Esq.
Dean & Scott, Attorneys At Law
23 Mechanic Street
Milford, MA 01757



Re:     **Request for Complainant's Response to Position Statement**
Case:   Mark A Peterson v. MIT Lincoln Lab
No:     03BEM02990

Dear Counsel:

Now that all parties have received a copy of Respondent's position statement, the Commission requests that Complainant, through counsel, submit *a response to the position statement* within twenty one (21) days of receipt of this letter.

Complainant's response shall consist of a **maximum** of five (5) pages, double-spaced. The response should set forth the Complainant's prima facie case by using any facts and information currently available. Complainant should also state the reasons he/she believes Respondent's articulated reason for the adverse action was pretextual and why information sought in discovery would support Complainant's allegations.

Once the Commission has received Complainant's response, the investigator will review the charges and responses in determining whether a Pre-Determination Discovery Order (*804 CMR 1.13(7)*) should issue.

**Complainant is <u>not</u> required to send in a response to the position statement** but may instead submit a letter affirming that the complaint, as filed, meets the requirements set forth above. However, failure of Complainant to meet the minimum-filing requirements as described above <u>may</u> result in the Commission's recommendation of a finding without the benefit of discovery.

If you have any questions, please contact me at 617 994-6097.

Sincerely,

Kimberly Boyd
Attorney Investigator

cc:    Jerome N Weinstein, Esq.
       Sullivan Weinstein & McQuay
       Two Park Plaza
       Boston, MA 02116

MCAD_AAU Cp Response Letter

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### One Ashburton Place, Room 601
### Boston, MA 02108

**Tel: (617) 994-6000**      **TTY: (617)-6196**      **Fax: (617) 994-6024**

January 21, 2004

Mark Peterson
23 Mechanic Street
Milford, MA 01757

Sullivan, Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116

Re:    **Peterson v. MIT Lincoln Lab**
       MCAD #:      03BEM02990
       EEOC #:      16CA400336

Dear Parties:

It has come to the Commission's attention that all parties are now represented by counsel.

Consequently, your case has been transferred to the Attorney Assisted Unit (AAU) and has been assigned to an Attorney Investigator in that unit who will continue to investigate your case. The investigative conference has been cancelled.

The AAU Attorney Investigator assigned to your case is **Kimberly Boyd.**

Enclosed, please find our AAU Fact Sheet that contains information on procedures within the Attorney Assisted Unit.

Should you have any questions or concerns, you can contact Kimberly Boyd at (617) 6097.

Sincerely,

Pamela Brooks
Pro Se Investigator

## SULLIVAN WEINSTEIN & MCQUAY, P.C.
TWO PARK PLAZA, SUITE 610
BOSTON, MASSACHUSETTS 02116-3902
PHONE (617) 348-4300
FAX (617) 348-4343

# FACSIMILE COVER SHEET

**DATE:**  1/20/04

**Number of pages including cover sheet:**   2

| TO:  Pamela Brooks<br>MCAD Investigator | FROM:  Jerry Weinstein |
|---|---|
| **Phone:** | |
| **Fax:**    617-994-6024 | **Direct Line:**  617-348-4333 |
| | **Direct Fax:**   617-348-4343 |

**REMARKS;**

1075 / PBRO

JAN 20 2004

SIGN A
DISCRIMINA

CR| A

| FILE | RETURN TO ME | COPY TO: |
|---|---|---|

This transmission is intended only for the addressee(s) listed above, and may contain information that is confidential and privileged. If you are not the addressee, any use, disclosure, copying or communication of the contents of this communication may be subject to legal restrictions or sanctions. If this message was received in error, please telephone the sender immediately, via collect call, at (617) 348-4300. Thank you.



# DEAN & SCOTT

### ATTORNEYS AT LAW
### A PROFESSIONAL ASSOCIATION
### 200 CHAUNCY STREET
### MANSFIELD, MASSACHUSETTS 02048

STEVEN I. DEAN
DAVID O. SCOTT

_____

Suzanne A. Jette
Paralegal

Tel. (508) 261-7080
Fax. (508) 261-7198
E-Mail DSESQ @ AOL.COM

January 16, 2004

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

IN RE:   MARK A. PETERSON v. M.I.T.
         MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

This letter serves as my appearance regarding the above-referenced matter, on behalf of the Complainant, Mark A. Peterson. Please transfer this case to the Attorney-Assisted Unit for further proceedings, as both parties are now represented by legal counsel.

I assume that this appearance negates the fact-finding conference, which I believe is scheduled for January 21, 2004.

Thank you for your cooperation and assistance.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802

```
                    ********************
                    ***   RX REPORT   ***
                    ********************


       RECEPTION OK

       TX/RX NO              5110
       RECIPIENT ADDRESS
       DESTINATION ID
       ST. TIME             01/20 05:44
       TIME USE             01'15
       PGS.                   2
       RESULT               OK
```

# DEAN & SCOTT
## ATTORNEYS AT LAW
### A PROFESSIONAL ASSOCIATION
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048

STEVEN I. DEAN
DAVID O. SCOTT

_____

Suzanne A. Jetté
Paralegal

Tel. (508) 261-7090
Fax. (508) 261-7196
E-Mail DSESQ @ AOL.COM

January 16, 2004

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

IN RE:   MARK A. PETERSON v. M.I.T.
_____   MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

This letter serves as my appearance regarding the above-referenced matter, on behalf of the Complainant, Mark A. Peterson. Please transfer this case to the Attorney-Assisted Unit for further proceedings, as both parties are now represented by legal counsel.

I assume that this appearance negates the fact-finding conference, which I believe is scheduled for January 21, 2004.

Thank you for your cooperation and assistance.

Very truly yours,

David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802



*1075 / PBRR*
*CR / A*                    *PB*

# DEAN & SCOTT

**Attorneys at Law, 200 Chauncy Street, Mansfield, Massachusetts 02048**

# FAX

| | |
|---|---|
| Date: | 1/19/04 |
| Number of pages including cover sheet: | 2 |

**To:** mcAO

Phone: _____

Fax phone: 617 - 994 - 6024

CC: Terome ~ Weinstein, Esg.
617 - 348 - 4343

**From:**

**David O. Scott**

Phone:    (508) 261-7090

Fax phone:    (508) 261-7196

**REMARKS:**   ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please comment

Re Mark A Fenton vs. MIT
MCAD Docket No. 03-BEM-02990

THIS FACSIMILE CONTAINS INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY SO THAT WE CAN ARRANGE FOR ITS RETURN. THANK YOU!

# DEAN & SCOTT
### ATTORNEYS AT LAW
A PROFESSIONAL ASSOCIATION
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048

STEVEN I. DEAN
DAVID O. SCOTT
_____

Suzanne A. Jetté
Paralegal

Tel.  (508) 261-7090
Fax. (508) 261-7196
E-Mail DSESQ @ AOL.COM

January 16, 2004

Massachusetts Commission
Against Discrimination
One Ashburton Place, Room 601
Boston, Massachusetts 02108

IN RE:   MARK A. PETERSON v. M.I.T.
         MCAD DOCKET NO. 03-BEM-02990

Dear Sir/Madam:

This letter serves as my appearance regarding the above-referenced matter, on behalf of the Complainant, Mark A. Peterson. Please transfer this case to the Attorney-Assisted Unit for further proceedings, as both parties are now represented by legal counsel.

I assume that this appearance negates the fact-finding conference, which I believe is scheduled for January 21, 2004.

Thank you for your cooperation and assistance.

Very truly yours,


David O. Scott

DOS/saj

cc:  Mark A. Peterson
     23 Mechanic Street
     Milford, Massachusetts 01757

     Jerome N. Weinstein, Esquire
     Sullivan, Weinstein & McQuay
     Two Park Plaza
     Boston, Massachusetts 02110-3802

```
*********************
***   RX REPORT   ***
*********************
```

RECEPTION OK

TX/RX NO                5092
RECIPIENT ADDRESS
DESTINATION ID
ST. TIME                01/19 23:52
TIME USE                01'21
PGS.                        2
RESULT                  OK

### SULLIVAN WEINSTEIN & McQUAY

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

JEROME N. WEINSTEIN
(617) 348-4333
jweinstein@resq.com

December 31, 2003



**BY HAND**
Pamela Brooks
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place
Boston, MA  02108

### Re:  Peterson vs. MIT Lincoln Lab (MCAD No. 03BEM02990)

Dear Ms. Brooks:

I submit this position statement on behalf of Respondent Massachusetts Institute of Technology ("MIT").[1]  MIT denies that it discriminated against the Complainant because of his creed and respectfully submits that the Commission should dismiss the Complaint.

The Complainant has been employed since July 20, 1982 in Group 72 at MIT's Lincoln Laboratory; his current classification is that of Instrument Maker, where he operates a variety of standard and numerically controlled equipment like lathes, drills and milling machines.  Although the Complainant has generally performed his duties to management's satisfaction, he has constantly complained throughout his employment about "unfairness" in how he has been treated by his supervisors and about being "picked on" by his co-workers.  Because many of his issues go back literally decades, MIT has focused in this position statement on those events about which it has information during

---

[1] The Complainant names "MIT Lincoln Lab" as the Respondent.  Lincoln Laboratory is a department of MIT located in Lexington, Massachusetts, and has no separate legal status for purposes of this case.



Pamela Brooks
Investigator
December 31, 2003

the course of the last two years, for example, that he was "assaulted" with a chemical,

that he has had property stolen, that "his" machines have been "tampered with," and that

he was told not to read while running his machine.

Whenever the Complainant has come forward with complaints such as these,

Lincoln Laboratory has undertaken an investigation, but it almost never has been able to

validate them. For instance, the claim that the Complainant was assaulted with a

chemical turned out to be a situation where an employee working on a machine applied

some oil to it, and some of the oil sprayed into the area where the Complainant was

working, landing on him. The employee said that there was a screen between his work

area and that of the Complainant, that as a result he did not even know the latter was on

the other side of the screen, and that any oil spray was accidental. Because they could

not determine what actually happened, Laboratory management formally reminded the

employee that harassment of any kind would not be tolerated, but they did not have any

basis upon which to take further action (Exhibit 1).

Similarly, the merits of other claims brought by the Complainant could not be

determined—such as that property had been stolen,[2] or that his machines had been

tampered with.[3] As for the Complainant's being spoken to because he was reading while

operating his machine, that indeed did happen. On this occasion a supervisor told the

Complainant to put away a book that he was reading while his machine was running, for

---

[2] The Complainant once reported a catalog or magazine of his was missing from his work area, but he never said that tools, money, clothes or the like was taken.

[3] Once, over a year ago, the Complainant said that a vice he was using had been loosened, but that could have been because another machinist also used the equipment. He also expressed that he was upset because someone moved a control panel on a machine that he was operating, but it appeared to management that happened because the panel extended into the aisle, and people moved it so that they

Pamela Brooks
Investigator
December 31, 2003

the obvious reason that the Complainant should have been paying attention to his job and
not been distracted by non-work related matters.[4]

Other issues in the Complaint are raised for the first time as far as MIT is aware.
MIT has no record within the last two years of the Complainant's ever presenting to it a
problem about machines being "vandalized," or "threats" made against him or his wife,
or his receiving "threatening" phone calls. Further, while there have been discussions
with the Complainant about his lack of versatility as an Instrument Maker (the highest
rated Machinist classification) operating new equipment, those have always been in an
attempt to provide the appropriate training to him, and certainly have never been in any
disciplinary context.

Likewise the Complainant has never raised to MIT in the last two years any claim
that anything that happened to him at the Laboratory was because he is a "Born Again
Christian-Historic Orthodox Christian Bible Believing Views."[5] Not only has he not
complained to MIT that he was discriminated against because of his creed, he fails utterly
to make any convincing case of it in his Complaint. There are no specifications—not a
single example of any taunts, comments, restrictions on religious practice or observance,
or other relevant evidence—that would credibly show that he has been discriminated
against because of his religious beliefs or practices.

---

could get by. It should be noted that none of the equipment in the machine shop that the Complainant
works in is exclusive to any one employee.

[4] Contrary to the Complainant's assertions, Laboratory management does not allow non-work related
reading to go on when employees are operating machines and has spoken to other individuals when such
activity has been observed.

[5] In fact, when the Complainant brought his unhappiness about the oil-spray incident to the attention of the
Laboratory's Human Resources department, he was specifically asked whether any of his concerns was
based on hostile discrimination. The Complainant did not claim that any negative experiences at the
Laboratory was the result of religious discrimination.

Pamela Brooks
Investigator
December 31, 2003

Accordingly, MIT respectfully submits that the Commission dismiss the

Complaint.[6]

Sincerely,

*Jerome N. Weinstein*

Jerome N. Weinstein

cc: Brian Donahue
   Angelo Rodriguez
   Jonathan Barnes, Esq.
   Mark DiVincenzo, Esq.
   Mark Peterson

---

[6] MIT reserves its right to assert affirmative defenses, as appropriate, in the course of this proceeding, including that the Complaint is untimely.

4

Pamela Brooks
Investigator
December 31, 2003

<u>AFFIRMATION OF RESPONDENT</u>

I, Brian Donahue, Human Resources Manager for Respondent MIT, upon information and belief, affirm that the facts set forth in the above position statement are true.

_____
Brian Donahue

Sworn and subscribed to before me this _____ day of December 2003.

_____
Notary Public

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on Mark Peterson by first class mail on December 31, 2003.

_____
Jerome N. Weinstein



Pamela Brooks
Investigator
December 31, 2003

## AFFIRMATION OF RESPONDENT

I, Brian Donahue, Human Resources Manager for Respondent MIT, upon
information and belief, affirm that the facts set forth in the above position statement are
true.

Brian Donahue

Sworn and subscribed to before me this _31st_ day of December 2003.

Notary Public
Commission Expires 1/22/04

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Mark
Peterson by first class mail on December 31, 2003.

Jerome N. Weinstein

5



**MASSACHUSETTS INSTITUTE OF TECHNOLOGY**
LINCOLN LABORATORY

12 March 2003

TO:        Eric J. Salvo

FROM:      Angelo E. Rodriguez 

SUBJECT:   Complaint/MIT Personnel Policy

On 4 March, James Ingrams and I met with you and your union representative. The purpose of this meeting was to inform you that a co-worker has made a serious complaint that reported unacceptable behaviors on your part, and to afford you the opportunity to respond to the complaint. We also informed you the seriousness of any retaliation and handed you a copy of MIT Personnel Policy (3.10) on Harassment.

MIT Lincoln Laboratory is committed to a work environment that does not tolerate harassment, violence, or retaliation.  We investigate all complaints we receive and respect the rights and privacy that are due to all parties concerned.  Our policies and procedures address complaints that are made in good faith and provide a foundation for a positive and respectful work environment.

We have reviewed, both with you, the complainant, and all others involved, the applicable policy (attached). This has been done in order to best insure that this policy is clearly understood and that the potential consequences for violating our policies are known and acknowledged.  As stated in section (3.10) of the MIT Personnel Policy Manual, "Harassment of any kind is not acceptable behavior at MIT; it is inconsistent with the commitment to excellence that characterizes MIT's activities. MIT is committed to creating an environment, in which every individual can work, study, and live without being harassed. Harassment may therefore lead to sanctions up to and including termination of employment or student status."

The Human Resources Office and Group 72 Management will continue to monitor your work environment.  This is being done in order to best insure that no retaliatory actions and/or violations of the Harassment Policy are occurring.

If you are experiencing personal difficulties, you are advised and encouraged to contact Mr. James Chansky or Ms. Rita Fischer of the MIT Medical Department's Employee Assistance Program at (617) 253-2916.

I am available to discuss this matter if you have any additional questions or concerns.

AER:fg
Attachments:   MIT Personnel Policy 3.10 on Harassment

xc:        J. Ingraham

# FOR LABORATORY USE ONLY

# SULLIVAN WEINSTEIN & MCQUAY

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

JEROME N. WEINSTEIN
(617) 348-4333
jweinstein@resq.com

December 10, 2003

*10716 / PBRO*

*RECEIVED*
*DEC 11 2003*

*...INST*
*DISCRIMINATION*

*CR / A*

Pamela Brooks
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

**Re: Mark A. Peterson vs. MIT Lincoln Lab (MCAD Docket Number:
    03BEM02990; EEOC/HUD Number: 16CA700336)**

Dear Ms. Brooks:

Please enter our appearance on behalf of the Respondent in the above case.

Because of the press of other matters, I respectfully request an extension of time to file Respondent's position statement until December 31, 2003.

Thank you for your courtesies.

Sincerely,

Jerome N. Weinstein

Cc: Mark DiVincenzo, Esq.
    Brian Donahue



**The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024**

11/19/2003

RE: Mark A Peterson   vs. MIT Lincoln Lab
MCAD Docket Number: 03BEM02990
EEOC/HUD Number: 16CA400336

Dear Complainant Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has assigned Pamela Brooks to investigate the above referenced complaint of discrimination. The Commission's investigator will review the allegations in the complaint and will keep the parties informed of developments arising from that investigation.

Please indicate the following by initialing the correct statement:

_____ I am represented by an attorney in this matter. If you initial this statement, you must submit to the investigator a Notice of Appearance from your attorney within 10 days of the date of this letter in order to be considered represented by counsel.

*MAP* _____ I am not represented by an attorney in this matter.

Please note that if your situation changes you must notify the Commission immediately. Also, failure to accurately complete this statement may result in your claim being administratively closed for failure to cooperate with the Commission's investigation.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Office, One Ashburton Place , Boston, MA at 01:00 PM on 01/21/04. You are required to attend this conference and your failure to do so will be taken as representing a lack of interest on your part in pursuing this claim.

If you have any questions pertaining to the Investigation, please contact Pamela Brooks at (617)-994-6090.

Very truly yours,

Pamela Brooks
Investigator

Cc:

MCAD Docket Number 03BEM02990, Serve Complainant – With Investigative Conference

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone:  (617) 994-6000 Fax:  (617) 994-6024**

11/19/2003

RE: Mark A Peterson   vs. MIT Lincoln Lab
MCAD Docket Number: 03BEM02990
EEOC/HUD Number: 16CA400336

Dear Respondent:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination.  A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint.  The Commission has assigned one of its staff, Pamela Brooks, to investigate the complaint.  This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement.  This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification.  In addition, the Position Statement **must be notarized**.  A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.  Failure to file an answer or Motion for a More Definite Statement within the prescribe time may result in sanctions being imposed in accordance with 804 CMR 1.16.  These sanctions may include but are not limited to:

a.  allegations in the complaint being taken as  established for the purposes of the case in  accordance with  the claims of the Complainant;

b.  a waiver by Respondent of  the right  to have  the Commission conduct  further  investigation, determine whether   there  is probable  cause and/or make conciliation efforts;

c.  your being barred from  introducing any  and all  evidence at the public hearing;

d.  your being  barred from  introducing designated  matters into evidence at the public hearing;

e.  your being barred from presenting any and all defenses at the public hearing; and,

f.  your  being  barred from opposing  designated claims or supporting designated defenses at the public hearing.

Please note that you must include in the Position Statement one of the following statements:

I am (or Respondent is) represented by an attorney in this matter.
                    -OR-
I am (or Respondent is) not represented by an attorney in this matter.

Failure to submit an accurate statement may result in adverse action being taken against you as the Respondent.  Please note that if your representational situation changes, you must notify the Commission immediately.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed.  Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, One Ashburton Place , Boston, MA, at 01:00 PM on 01/21/04.  You are required to attend this Conference.

MCAD Docket Number 03BEM02990, Serve Respondent – With Investigative Conference

One important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Pamela Brooks at (617)-994-6090.

Sincerely,

Pamela Brooks
Investigator

Cc:

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

To:  **EEOC**                            **Date:**                      11/19/2003
    **JFK Federal Building**          **EEOC Charge Number:**         16CA400336
    **Fourth Floor, Room 475**        **706 Agency Charge Number:**   03BEM02990
    **Boston, MA 02203**

**SUBJECT: CHARGE TRANSMITTAL**
        **Mark A Peterson v. MIT Lincoln Lab**

Transmitted herewith is a charge of employment discrimination initially received by the:
___ EEOC   _X_ Mass. Commission Against Discrimination on   11/19/03
         (Name of 706 Agency)                      (Date of Receipt)

___Pursuant to the work-sharing agreement, this charge is to be initially processed by the EEOC.
_X_ Pursuant to the work-sharing agreement, this charge is to be initially processed by the 706 Agency.
    ___EEOC requests a waiver    ___706 agency waiver
    ___No waiver requested    _X_ 706 agency will process the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and where appropriate, to indicate whether the 706 agency will initially process the charge.

==================================================================

| Typed Name of EEOC or Agency Director<br>Dorca I. Gomez, Chairwoman | Signature |

==================================================================

  Mark A Peterson                         MIT Lincoln Lab
(Charging Party)                        (Respondent)

To whom it may concern:
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention to initially process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention not to initially process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the Agency's intention to dismiss/close/not docket the charge for the following reason:

==================================================================

| Typed Name of Agency Director<br>Robert L. Sanders | Signature |

==================================================================

The Commonwealth of Massachusetts          Date:                      11/19/2003
Commission Against Discrimination          EEOC Charge Number:         16CA400336
One Ashburton Place , Boston, MA 02108      706 Agency Charge Number:   03BEM02990



## U.S. Equal Employment Opportunity Commission

Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203
Phone: (617) 565-3200
TDD: (617) 565-3204
Fax: (617) 565-3196

EEOC Charge No: 16CA400336

NOTICE
This office has been sent a copy of the Complaint of employment discrimination you filed with the
Massachusetts Commission Against Discrimination (MCAD), and in order to preserve your federal rights
the above referenced charge number has been assigned.

YOUR FEDERAL RIGHTS AND EEOC PROCEDURAL REGULATIONS
  ( ) Title VII of the Civil Rights Act of 1964, as amended (Title VII)-
  If you wish to file a private lawsuit in Federal District Court with your own private attorney, prior
  to the MCAD's completion of its investigation, you may do so by requesting a NOTICE OF
  RIGHT TO SUE from the EEOC. Once this request for you to file a private lawsuit is granted,
  your EEOC charge and possibly the MCAD complaint will be closed. When you receive the
  NOTICE OF RIGHT TO SUE, it is only valid for ninety (90) days.

  ( ) The age discrimination in employment act of 1967, as amended (ADEA)-
  If you filed your complaint within 300 days of the alleged act of discrimination you can file a
  private lawsuit under the ADEA any time 60 days after the date you filed your complaint, or
  within 90 days of your receipt of notice that the EEOC has completed action on your complaint.

  ( ) The Americans with Disabilities Act of 1990 - Same as Title VII.

The Massachusetts Commission Against Discrimination will investigate and resolve your complaint. If you
have any questions regarding the status of your complaint, contact the MCAD location where you filed the
complaint. If you want EEOC to conduct a review of the MCAD's Final Determination and Order, you
must make this request in writing to the above address within 15 days of the MCAD's final determination,
otherwise, we will accept the MCAD's final action as our own. EEOC's regulations require that you inform
us and the state agency, in writing, of any change in or prolonged absence from your current address.

If you do not wish to file a private lawsuit on your own, and wish the Massachusetts Commission Against
Discrimination to continue with its investigation of your complaint, there is no need for you to take any
action now. The MCAD will in the near future inform you of their findings.

EEOC Charge Number 16CA400336, EEOC Transmittal Letter to Complainant



## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

MIT Lincoln Lab
Human Resources
244 Wood Street
Lexington, MA 02420

Person Filing Charge:
This Person (Check One):

Mark A Peterson
( ) Claims to be aggrieved
( ) Is filing on behalf of

Date of Alleged Violation:     11/19/03
Place of Alleged Violation:    Lexington,
EEOC Charge Number:            16CA400336
MCAD Docket Number:            03BEM02990

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)
Has been received by
[ ]    The EEOC and sent for initial processing to    MCAD
                                                      (FEP Agency)
[ ]    The Mass. Commission Against Discrimination
    (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]    As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]    Enclosure: Copy of the Charge

---

Basis of Discrimination
( ) Race      ( ) Color      ( ) Sex      ( ) Religion      ( ) National Origin
( ) Age      ( ) Disability      ( ) Retaliation      ( ) Other

Circumstances of alleged violation:
    SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

EEOC Charge Number 16CA400336, EEOC Transmittal Letter to Respondent



| Date<br>11/19/2003 | Type Name/Title of Authorized EEOC Official<br>Robert L. Sanders, Director | Signature |
|---|---|---|

EEOC Charge Number 16CA400336, EEOC Transmittal Letter to Respondent