UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  |
|---|---|
| MARK A. PETERSON,<br>                    Plaintiff<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY – LINCOLN LABORATORY<br>– and –<br>RESEARCH DEVELOPMENT and<br>TECHNICAL EMPLOYEES, UNION,<br>                    Defendants | C.A. 04-40148 |

## UNION DEFENDANT'S LOCAL RULE 56.1 STATEMENT

Defendant Research Development and Technical Employees Union ("RDTEU") submits that there are no genuine issues to be tried as to these material facts of record:

1. Plaintiff Mark A. Peterson has filed only one complaint with the Massachusetts Commission Against Discrimination ("MCAD"): Peterson v. M.I.T. LINCOLN LAB, MCAD Docket No. 03BEM02990, Affidavit of Myrna Solod, Clerk MCAD ("Solod Affidavit") para. 2.

2. Plaintiff's MCAD Complaint is appended to the Solod Affidavit and states, in part:

> Named is the employer, labor organization, employment agency, or state or local government agency

>MIT Lincoln Lab
>Human Resources
>244 Wood Street
>Lexington, MA 02420
>Primary Phone (718) 981-5500 ext. _____
>No. of Employees: 25+
>Work Location: Lexington, MA

3. Plaintiff did not file an MCAD Complaint against RDTEU. Solod Affidavit, para. 2 and copies of MCAD records attached thereto.

4. Plaintiff's Complaint asserts at 1. Introduction, in part:

> Plaintiff, Mark A. Peterson...alleges that on or about October 7, 2003, ...he was harassed and treated differently from other employees concerning his position as instrument maker. ...Peterson alleges that the Defendant, Research Development and Technical Employees Union (...) participated in the harassment and did not perform its duty of fair representation.

5. Plaintiff's complaint further alleges in substance, at paras. 26, 27, and 28, as follows:

> In October 2003, he complained to a Union Executive Board Member about a supervisor's interaction with him;
>
> Plaintiff requested that a grievance be filed a week later; and,
>
> A meeting ensued in October 2003 described to plaintiff as a Step 2 grievance meeting. Plaintiff, the Union's Grievance Committee Chairperson, a Union Executive Board Member, Plaintiff's supervisor and an employer personnel representative attended.

6. The complaint at para. 29, continues in part:

> After one or two weeks, Peterson asked Robert Patterson (...), the steward about his grievance. A second meeting was held with Peterson, Haskell, Rodriquez, and Patterson. Neither the Union nor management took any further action concerning Peterson's Complaint.

7. Count III asserts at para. 37:

> The Defendant Union has violated its duty of fair representation of Plaintiff because its managers and/or members participated in the harassment and disparate treatment of plaintiff and failed to pursue grievances on behalf of plaintiff.

8. Plaintiff's Complaint was filed on August 3, 2004.

RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES UNION

By its attorneys

_____
E. David Wanger, Esq.
BBO# 515640

_____
John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
    WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 10/12/04

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 10/12/04

Date: 10/12/04

_____
John F. McMahon, Esquire

3