UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
'S OFFICE

2004 NOV 15 P 12: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
_____
                                   }
MARK A. PETERSON,                  }
Plaintiff                          }
                                   }
vs.                                }
                                   }
MASSACHUSETTS INSTITUTE OF         }
TECHNOLOGY - LINCOLN LABORATORY,   }    C.A. NO. 04-40148
and                                }
RESEARCH DEVELOPMENT and           }
TECHNICAL EMPLOYEES' UNION,        }
Defendants                         }
                                   }
_____}
```

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT UNION'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff, Mark A, Peterson (hereinafter "Peterson"), at all relevant times was an employee of Defendant, Research Development and Technical Employee's Union (hereinafter "Union").

Plaintiff alleges in his Complaint a history of religious-based (Christian) harassment by co-workers, managerial employees and union members/officials. Plaintiff also alleges that in October 2003 and thereafter and continuing to date, the Union has failed to address and/or grieve Peterson's Complaint.

LOCAL RULE 56.1 STATEMENT

Paragraphs 27, 28 and 29 of Plaintiff's Complaint are appended to this Opposition as Appendix "A".

ARGUMENT

Since Plaintiff did not file claims with the Massachusetts Commission Against Discrimination concerning harassment and/or discrimination by the Union, he has not met a condition precedent to bringing sub-claims in the lawsuit. However, Plaintiff's claim of a breach by the Union of its duty of fair

Law Office of
David O. Scott, P.C.
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

representation involves a different analysis. Plaintiff states that a grievance was initiated by the Union; that a Step 2 meeting was held; and, thereafter, that no further action was taken by either the Union or M.I.T. (see Plaintiff's Complaint at Appendix "A" hereto). A material fact not resolved at this stage is the status of any grievance filed on Plaintiff's behalf by the Union. Has it been dismissed? Has an extension been grated to respond? Since neither the Union nor M.I.T. has informed Plaintiff of the outcome of the Step 2 grievance meeting, Plaintiff continued to rely on the hope that "something" was in the works.

In conclusion, since a material fact remains unresolved, the Motion for Summary Judgment filed by the Union should be denied.

Respectfully Submitted,
The Plaintiff,
By His Attorney,


~~DAVID O.~~ SCOTT, ESQUIRE
LAW OFFICE OF DAVID O. SCOTT, P.C.
B.B.O. NO. 449165
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-7090

DATED _____

practice by all co-workers when work was running on a machine. Mandeville told Peterson to stare at his machine rather than read. Peterson complained to Roger Shields (hereinafter "Shields"), an Executive Board member of the Union.

27. A week later, Peterson requested a grievance be filed by the Union and a grievance meeting was arranged by Haskell, who was head of the Grievance Committee, with Peterson, Angelo Rodriquez (Personnel), Haskell and Gendreau present.

28. Peterson was told by Haskell that this meeting was a Step 2 Grievance meeting.

29. After one to two weeks, Peterson asked Robert Patterson (hereinafter "Patterson"), the steward, about his grievance. A second meeting was held with Peterson, Haskell, Rodriguez and Patterson. Neither the Union nor management took any further action concerning Peterson's complaint. Peterson filed administrative claims with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). Peterson has withdrawn his claim from the MCAD and received a right             to             sue             letter from the EEOC.

## COUNT I
## VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION LAWS
## (MASSACHUSETTS GENERAL LAWS CHAPTER 151B)

30. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 29 and restates and incorporates them by reference herein.

31. MIT Lincoln Lab and the Union, by their actions, through their employees, supervisors and/or agents, by use of

vid O. Scott,
ttorney at Law
Chauncy Street
, Massachusetts 070-18
508) 261-7090

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK A. PETERSON,
Plaintiff

vs.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY - LINCOLN LABORATORY,
and
RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES' UNION,
Defendants

C.A. NO. 04-40148

## CERTIFICATE OF SERVICE

I, David O. Scott, attorney for the Plaintiff in the above-entitled matter, do hereby certify that I have, this day, forwarded a copy of the foregoing document, by first class mail, postage prepaid, to the following attorneys of record: John F. McMahon, Esquire and E. David Wanger, Esquire, Angoff, Goldman, Manning, Wanger & Hynes, P.C., 45 Bromfield Street, 8th Floor, Boston, Massachusetts 02108; and to Sheryl D. Eisenberg, Esquire, Sullivan, Weinstein & McQuay, Two Park Plaza, Boston, Massachusetts 02116-3901.

DAVID O. SCOTT, ESQUIRE
LAW OFFICE OF DAVID O. SCOTT, P.C.
B.B.O. NO. 449165
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-7090

DATED  Nov 11, 2004

Law Office of
David O. Scott, P.C.
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090