UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  |
|---|---|
| MARK A. PETERSON,<br>                Plaintiff<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY – LINCOLN LABORATORY<br>      – and –<br>RESEARCH DEVELOPMENT and<br>TECHNICAL EMPLOYEES, UNION,<br>                Defendants | C. A. 04-40148 |

## UNION DEFENDANT'S ANSWER

Defendant research Development and Technical Employees Union ("RDTEU") answers the numbered paragraphs of the Complaint as follows:

### INTRODUCTION

This unnumbered paragraph purports to describe the cause of action and does not require an answer. To the extent these allegations imply or allege that defendant RDTEU violated law or is liable to plaintiff they are denied.

### JURISDICTION

This second unnumbered paragraph is admitted.

### PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2's allegations are directed to another party and do not require answer. Paragraph 2 is admitted to the extent that it asserts the other party is an employer.

3. Paragraph 3 is answered thus: Defendant Union is a labor organization and its office is at 800 Massachusetts Avenue, Arlington, MA 02476.

## FACTS

4. Defendant Union admits that Plaintiff was first employed by MIT on July 20, 1982 as a Machinist and that he was a member of Defendant Union at all relevant times. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 4.

5. Paragraph 5 is denied.

6. Defendant Union is presently without sufficient information or knowledge to form a belief as to the allegations of paragraph 6.

7. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 7.

8. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 8.

9. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 9.

10. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 10.

11. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 11.

12. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 12.

13. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 13.

14. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 14.

15. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 15.

16. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 16.

17. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 17.

18. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 18.

19. Defendant Union is presently without sufficient information or knowledge sufficient to form a belief as to the allegations of paragraph 19.

20. The first sentence of paragraph 20 is denied. Defendant Union is presently without sufficient information or knowledge to form a belief as to its remaining allegations.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Defendant Union presently lacks information to respond to paragraph 24. Defendant Union reserves the opportunity to seasonably supplement this response.

25. Defendant Union presently lacks sufficient knowledge or information as to the first sentence of paragraph 25. It denies the second sentence.

26. Defendant Union denies the last sentence of paragraph 26. Presently, it is without sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 26.

27. Defendant Union admits paragraph 27.

28. Defendant Union denies paragraph 28 as framed and reserves the opportunity to supplement this answer seasonably.

29. Defendant Union admits that plaintiff spoke with Steward Peterson about his complaint and that a meeting occurred with Peterson, Executive Board Member Haskell present among others. It is further answered that Peterson was aware at that time that the Union did not believe that his complaint was a violation of the collective bargaining agreement or should have been so aware after this October 2003 meeting. Otherwise, the first, second, and third sentences are denied. The remaining allegations do not require answer.

## COUNT I
### VIOLATION OF MASSACHUSETTS ANIT-DISCRIMINATON LAWS
### (Massachusetts General Laws Chapter 151B)

30, 31, and 32. Summary judgment has entered in defendant Union's favor, with respect to Count 1.

## COUNT II
### VIOLATION OF FEDERAL LAWS (42 U.S.C. 2000, et seq.)

33, 34 and 35. Summary judgment has entered in the Union's favor on Count II.

## COUNT III
### VIOLATION OF UNION'S DUTY OF FAIR REPRESENTATION

36. Defendant Union incorporates its responses to paragraphs 1 through 29 by reference.

37. Paragraph 37 asserts legal conclusions and does not require an answer. If an answer is required, it is denied. It is further answered that any Union actions with respect to any alleged grievances by Plaintiff were good faith and rational ones under the circumstances.

38. Paragraph 38 asserts legal conclusion and does not require answer. If an answer is required, it is denied.

### PRAYERS FOR RELIEF

No answer is required to this unnumbered paragraph.

### AFFIRMATIVE DEFENSES

1. Count III of Plaintiff's Complaint is barred by the applicable limitation period.

2. At all times, Defendant Union's actions were in good faith and rationale ones and within its discretion.

### REQUEST FOR RELIEF

Defendant RDTEU requests:

1. Entry of judgment dismissing Count III of Plaintiff's Complaint;

2. Such other and further relief as the Court deems just and proper.

RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES UNION

By its attorneys

_____
E. David Wanger, Esq.
BBO# 515640

_____
John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
    WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 5/4/05

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 5/3/05

Date: 5/3/05

John F. McMahon, Esquire