UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  |
|---|---|
| MARK A. PETERSON,<br>                   Plaintiff<br>      v.<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY – LINCOLN LABORATORY<br>  – and –<br>RESEARCH DEVELOPMENT and<br>TECHNICAL EMPLOYEES, UNION,<br>                   Defendants | C. A. 04-CV-40148 |

## UNION DEFENDANT'S MEMORANDUM
## IN SUPPORT OF MOTION FOR ORDER
## COMPELLING ANSWERS TO INTERROGATORIES

### Plaintiff's Complaint

1. The Compliant alleges in its Introduction that defendant Union "...did not perform its duty of fair representation".

2. A fair summary of the allegations of its paragraphs 26, 27 and 28 is that in October 2003, he complained to a Union Executive Board Member about a supervisor's interaction with him; a week later, he requested that a grievance be filed; a grievance meeting occurred in October 2003, in which he, Union representatives and MIT representatives participated.

3. Its paragraph 29 continues, in part:

> After one to two weeks, Peterson asked Robert Patterson (...) the steward about his grievance. A second meeting was held [with named Union ad Management representatives, and plaintiff]. Neither the Union nor management took any further action concerning Peterson's complaint.

4. Count III asserts:

### VIOLATION OF THE UNION'S DUTY OF FAIR REPRESENTATION

\* \* \*

37.   The Defendant Union has violated its duty of fair representation of Plaintiff because its managers and/or members participated in the harassment and disparate treatment of Plaintiff and it failed to pursue grievances on Plaintiff's behalf.

### THE SUMMARY JUDGMENT RULINGS

5. Plaintiff's Complaint was filed on August 3, 2004. Defendant Union moved for summary judgment on the counts against it. The Union contended that Count III was untimely relying on the six (6) months limitations period provided in 29 U.S.C., §160(b). The Count ruled that it could not dismiss Count III "because it was not evident from the allegations of the Complaint when the limitations period began to run". Memorandum and Order, at 8. And, the complaint contains no information from which the Court can determine when Peterson had actual or constructive notice that the Union did not intend to pursue his grievances" Id. at 9.

### DEFENDANT UNION'S INTERROGATORIES

6. Defendant RDTEU served its Initial Interrogatories To Plaintiff on October 13, 2005. Attorney's Affidavit, Exhibit A. Interrogatories 3, 4, 5 and 6 are directed to and seek information relevant to plaintiff's "actual or constructive notice".

7. Plaintiff has not answered or objected to date.

8. Defendant's counsel wrote plaintiff's counsel on December 7, 2005 requesting a discovery conference pursuant to Local Rule 37.1 to address Plaintiff's failure to timely respond to Defendant's initial interrogatories, Attorney's Affidavit, Exhibit B. Plaintiff's counsel has not responded.

ARGUMENT

9. F.R. Civ. P. 33(b)(3), requires answers or objections by the party served within thirty (30) days after service. Plaintiff has not complied.

10. Answers are necessary for purposes of Defendant Union's proposed deposition of Plaintiff in January 2006.

CONCLUSION

11. The Court should enter an order compelling answers or objections to Defendant Union's Initial Interrogatories within fourteen (14) days of its entry.

RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES UNION

By its attorneys

E. David Wanger, Esq.
BBO# 515640

John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
    WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 12/15/05

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 12/15/05

Date: 12/15/05

John F. McMahon, Esquire

3