UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  |
|---|---|
| MARK A. PETERSON,<br>                 Plaintiff<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY – LINCOLN LABORATORY<br>    – and –<br>RESEARCH DEVELOPMENT and<br>TECHNICAL EMPLOYEES, UNION,<br>                 Defendants | C. A. 04-CV-40148-FDS |

## COUNSEL'S VERIFYING AFFIDAVIT

I, John F. McMahon, attest:

1. I am counsel for Defendant Research, Development and Technical Employees Union.

2. I have attached to my affidavit true and accurate copies of these items:

    A. Defendant Union's Initial Interrogatories To Plaintiff; and,

    B. My letter dated December 7, 2005, to Plaintiff's Counsel.

3.  The attachments are presented for purposes of defendant Union's Motion For Order Compelling Answers To Interrogatories.

SIGNED AND SWORN TO UNDER
THE PAINS AND PENALTIES OF
PERJURY

*John McMahon*

John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
   WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 12/15/05

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 12/15/05

Date: 12/15/05

*John McMahon*

John F. McMahon, Esquire

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

|  |  |
|---|---|
| MARK A. PETERSON,<br>　　　　　　　Plaintiff<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY – LINCOLN LABORATORY<br>– and –<br>RESEARCH DEVELOPMENT and<br>TECHNICAL EMPLOYEES, UNION,<br>　　　　　　　　　　Defendants | C. A. 04-40148 |

### DEFENDANT RDTEU's INITIAL INTERROGATORIES TO PLAINTIFF

Defendant, Research, Development and Technical Employees' Union ("RDTEU"), pursuant to Fed.R.Civ.P. 33, submits these interrogatories to Plaintiff.

### INSTRUCTIONS

1. Each interrogatory must be answered separately and fully, unless an objection is interposed, in which case the grounds of the objection shall be stated fully and the interrogatory answered to the extent that it is not deemed objectionable.

2. If a complete answer to an interrogatory is not possible, answer it to the extent possible and explain why only a partial answer is possible.

3. If precise information cannot be supplied in response to any interrogatory, supply an estimate (identified as such and explain the basis of that estimate).

4.  If it is claimed that a privilege applies to any information requested in an interrogatory, describe the nature of the information in sufficient detail to make an informed judgment as to the validity of the claimed privilege, the nature of the claim of privilege, and the name and status of any person related to the assertion of that claim of privilege.

5.  These interrogatories are deemed to be continuing to the extent permitted by Fed.R.Civ.P. 26(e)(1) and (2), and if you become aware of additional information, you must supplement your answers reasonably.

## DEFINITIONS

1.  The words "you" and "your" refer to the Plaintiff, his attorneys, his agents, and any person or agency possessing the information sought by the interrogatory who or which can furnish the information to Plaintiff upon his request for it.

2.  "Document" has the meaning given in Fed.R.Civ.P. 34(a).

3.  Each definition stated in Local Rule 26.5(C) is incorporated by reference. See: Local Rule 26.5 (A).

## INTERROGATORIES

1.  Did you seek a voluntary layoff from your employment at Lincoln Laboratory? If your answer is affirmative, state the date you initiated this request, identify the person(s) with whom you discussed such a layoff, state the words you spoke to such person(s) and words spoken to you about a layoff by the date of each conversation.

2. Did you participate in a meeting on October 15, 2003 attended by Angelo Rodriques, Laboratory Labor Relations Agent and Union Executive Board Member James A. Haskell? If so, specify each topic discussed at this meeting and state the words spoken by each person concerning each topic.

3. Did you participate in a meeting attended by Mr. Rodriques, Mr. Haskell and Charles Gendreau, a Supervisor, on October 23, 2003? If so, fully describe the topics discussed at the meeting and state the words spoken by each person concerning each topic.

4. In November, 2003, did you have a conversation with Mr. Haskell in his work office, in the presence of another Union Executive Board Member. If so, fully describe all topics/subjects of the conversation and state the words spoken by your or Mr. Haskell with respect to each topic subject.

5. Did you have any other conversation with Mr. Haskell after the conversation referenced in Interrogatory 5. If so, provide the dates of any conversations, method of communications, (whether face to face, telephonic or e-mail interchanges) and state the words spoken (or transmitted) by you to Mr. Haskell and the words he spoke to you.

6. Did you have any conversations with Union Shop Steward Robert Patterson after November, 2003, while you were not actively employed by M.I.T.. If so, state the words spoken by you to Mr. Patterson and by Mr. Patterson to you.

7. During 2003 and to date, have you conducted a machine shop business in Milford, Massachusetts. If so describe in detail, your business operations including the average number of hours in each month from January,

2003 to date in which you were engaged in such a business and identify the location and custodian of such records.

8. Describe in detail any acts of hostility towards you in 2003 and 2004 by any Officer or Shop Steward of Defendant, Union, against you including the words spoken by such Officer or Shop Steward and the dates of such acts.

9. Did you maintain any notes or other records of the meetings referenced in Paragraphs 27 and 29 of your Complaint or any notes or records of your conversations with any Union Officer or Shop Steward? If so, please describe such notes or other records.

10. Are the "Notes to File" appended as Exhibit 1 a fair and accurate summary of the meetings referenced in Paragraphs 27 and 29. Describe in detail any disagreements by you with the contents of Exhibit 1.

11. Identify all witnesses you intend to call at trial.

RESEARCH DEVELOPMENT and
TECHNICAL EMPLOYEES UNION

By its attorneys

_____
E. David Wanger, Esq.
BBO# 515640

_____
John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
    WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 10/13/05

4

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on ___10/13/5___

Date: _10/13/05_

_____
John F. McMahon, Esquire

# EXHIBIT B

# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, PC.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

(617) 723-5500
FACSIMILE: (617) 742-1015

SAMUEL E. ANGOFF
(1929-1978)
SIDNEY S. GRANT
(1929-1957)
ALBERT L. GOLDMAN
(1946-2004)

OF COUNSEL

ROBERT D. MANNING

December 7, 2005

David O. Scott, Esq.
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

RE: Peterson v. MIT Lincoln Laboratory and another,
C.A. No. 2004-40148

Dear Attorney Scott:

My letter requests a discovery conference pursuant to Local Rule 37.1, to address Plaintiff's failure to timely respond to Defendant RDTEU's Initial Interrogatories. The revised establishes February 15, 2006, as the deadline for depositions, and I intend to notice Union Defendant's deposition on a January date. Plaintiff's Answers are necessary for that further discovery.

Please call me for conference purposes.

Very truly yours,

John F. McMahon
JFM:gbl

cc:   Sheryl D. Eisenberg, Esq.
      David Gay, President, RDTEU

Peterson v. MIT & RDTUE (USDC CA04-40148)Letters.doc
File# 347-2004

74